## Simon Grigg v. The People.

*Criminal trials: Arraignment: Plea.* On the trial of a felony, an arraignment upon the information, and a plea, are necessary steps to a valid and regular conviction.

*Criminal trials: Record: Arraignment: Plea.* And these steps being imperatively required, the recital of them, if they were taken, is an essential ingredient of the record.

*Record: Presumptions: Arraignment: Plea.* Where a return to a writ of error in such a case is silent as to whether an arraignment was had or a plea made, this omission cannot be supplied by a presumption of regularity.

*Heard April 14.    Decided April 20.*

Error to Wayne Circuit.

*S. Larned* and *Michael Firnane,* for plaintiff in error.

*Andrew J. Smith, Attorney General,* for the People.

GRAVES, CH. J.

The plaintiff in error was informed against in the Wayne circuit court for the larceny of two horses. The value of each was laid above one hundred dollars. He was convicted and sentenced to the house of correction for one year from the 27th of January last. Complaint is made that the sentence, as recorded, does not rightly describe the offense, and also that the action of the court in vacating an order which had been granted for a new trial was unwarranted. But as there is another objection which is certainly fatal, these points will be passed over.

It is alleged for error that there was no arraignment upon the information, and that no plea was made by the prisoner or entered by the court. The return to the writ of error is silent on the subject. And the attorney general, whilst admitting that an arraignment and plea were indispensable, as of course they were, submits to the court

whether, in the absence of any express matter in the record as returned to show the contrary, it ought not to be intended that both proceedings were actually had.

An arraignment and plea being steps imperatively required, the recital of them, if they were taken, was a necessary ingredient of the record. They were required to be duly entered, and it was the duty of the court below, in obedience to the writ of error, to certify here the whole record in the exact shape in which it remained there. This appears to have been done. We even find some matters in the return not upon common-law strictness components of the record, and we have the certificate of the clerk that a *true and correct* copy is given of *all* the proceedings had in the cause. No application has been made for any further or different return, and we must consider that the return made is as full and complete as the record below; and if in any such case it would be admissible to assume that the fault was caused by the failure of the lower court to have the proper *entries* of real proceedings made, either as they occurred or afterwards by amendment, and not by the omission of the proceedings themselves, the face of the present return will not warrant any such presumption. Two motions for a new trial appear to have been made and passed on after argument, and the case must have undergone such a sifting as to apprise the court of the defects, and to have suggested the need for an amendment of the record if the difficulty consisted of the want of entries and not of facts.

Under these circumstances we must take the record as we find it returned, and assume that it tells neither more nor less than what occurred.

The omissions, then, are sufficient to support the allegations of error. No better evidence to maintain them, if well founded, could regularly be produced. An express statement that in fact there was no arraignment and plea, it is not the province of any one to make and insert. Negative evidence is that only which seems practicable.

The sentence and conviction must be set aside, and the plaintiff in error must be remanded to the sheriff of Wayne county that·he may be lawfully arraigned on the information, or otherwise dealt with agreeably to law.

COOLEY, and CAMPBELL, JJ., concurred.