## PERRY v. THE STATE.

1. INDICTMENT: *For larceny of heifer yearling; Marks.*
   It is not necessary to allege in an indictment for the larceny of a heifer yearling that it was marked or branded. If it was over one year old, running in the range, and not marked or branded, the defendant should prove the facts in defense.

2. CRIMINAL PRACTICE: *Trial without plea, error.*
   If the record shows no plea to the indictment, made by the defendant or entered by the Court, the trial is without issue, and a judgment of conviction will be reversed.

APPEAL from *Yell* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

*C. B. Moore, Attorney-General,* for appellee:

It was not necessary for the State to prove that the yearling was under twelve months old, or that it was marked or branded. That, under Sec. 1382 of Gantt's Digest, was matter to be shown in defense. The proof sustains the verdict.

ENGLISH, C. J. Appellant, Jeff. Perry, was indicted in the Circuit Court of Yell county, Dardanelle District, for

stealing "one heifer yearling, of the value of five dollars, the property of one Ras DeNeal."

He was convicted, and sentenced to the penitentiary for one year; motion for a new trial and arrest of judgment overruled; bill of exceptions, and appeal.

I. The commencement of the indictment is in Code form, and the larceny is alleged in the usual common law form. The particular objection taken to the indictment in the motion in arrest of judgement is, that it does not allege that the heifer was marked or branded. This was not necessary, being matter of defense, as decided in *Mathews* v. *State*, 24 *Ark.*, 484.

1. INDICT-
MENT:
For lar-
ceny of
yearling.
Marks.

II. The Court refused the 6th instruction moved for appellant, which follows:

"That the yearling mentioned in the indictment is not the subject of larceny, unless the same is designated by the owner thereof, by some mark or brand; and unless the jury find that the said yearling was marked or branded, they will acquit the defendant."

"Owners of cattle, hogs or sheep, which run at large in the range or woods, shall designate such animals, if over twelve months old, by brands or ear marks; otherwise, if taken or converted to the use of any other person, such person shall not be deemed guilty of a larceny, but the owner may have his action for the value of such unmarked or unbranded animal." *Gantt's Digest, sec.* 1382.

The evidence on the part of the State conduced to prove that in March, 1880, a constable levied on ten head of cattle, the property of Ras DeNeal, and among them the heifer in controversy, and left them in charge of another person until the day of sale. That on the day of sale the heifer was missing, and in the meantime appellant had sold her. The witnesses for the State call her a heifer yearling,

but there was no proof on either side that she was over-twelve months old, or that she was not marked or branded.

As matter of defense, appellant should have proven that the heifer was running at large in the range or woods; was over twelve months old, and not marked or branded, when he took and converted her to his own use. He made no such proof, but attempted to prove that the wife of Ras DeNeal, with his consent, had given the heifer to him when a calf; which, from other evidence, it seems the jury did not believe to be the truth.

The sixth instruction asked by appellant was, therefore, properly refused as abstract.

III. The instructions given for the State, with those given for appellant, fairly submitted to the jury, upon all the evidence, the question whether he was guilty or inno-cent of the larceny of the heifer as charged. He objected to but one instruction, the fifth, given for the State, which follows:

"If the defendant knew that the yearling mentioned in the indictment had been taken charge of by an officer, as the property of Ras DeNeal, and failed to appear and make known his claim to the yearling, but without any knowledge of the person having the same in legal custody, sold the heifer, and when afterwards questioned as to the property, failed to make known the facts of his having sold it, and remained silent, or pretended to know nothing of the where-abouts of the property, these are circumstances which may be considered by the jury as tending to establish the guilt of the defendant."

There was evidence conducing to prove the facts stated hypothetically in this instruction, and they tended, if the jury believed them to be true, to establish the guilt of the appellant. There is, therefore, no valid objection to the instruction.

IV. The trial entry shows that when the case was called, the parties announced themselves ready for trial, and that "defendant waived arraignment, and the drawing of a jury being waived, the following jurors, to-wit: James Patillo, etc., etc., were selected, and duly sworn to try the cause, and, after hearing the evidence, instructions of the Court, and the argument of counsel, retired, etc., to consider of their verdict," etc.

The record fails to show that defendant pleaded to the indictment, or that any plea was entered for him, and the trial was, therefore, without an issue. This is a fatal defect in the record, and ground of reversal, as held in *Lacefield v. State*, 34 *Ark.*, 275.

2. CRIMINAL PRACTICE: Trial without plea, error.

The judgment, for this error, must be reversed, and the cause remanded for a new trial, after appellant has pleaded to the indictment, or the plea of "not guilty" has been entered for him, if he stands mute.

V. When the appeal was allowed, by one of the Judges of this Court, the transcript failed to contain the entry showing the organization of the grand jury at the term at which the indictment was found, and which is part of the record in every criminal case brought here by appeal or writ of error, and the omission had to be cured by *certiorari*.

For this fault of the Clerk below, he will be allowed no costs for his return upon the *certiorari*.