## JOHN RAY *v.* THE PEOPLE.

(*Supreme Court of Colorado, April Term, 1882—Error to the District Court of Arapahoe County.*)

1. CRIMINAL TRIALS, HOW CONDUCTED. The Statute of Colorado requires all criminal trials to be conducted according to the course of the common law, except where a different mode is pointed out.

2. ARRAIGNMENT—PLEA. Where the record fails to show that a prisoner was arraigned upon the indictment, or required to plead thereto prior to trial, and it is not contended that there is any omission in the record, the entire proceeding is a nullity, and fatal to a judgment.

3. SAME. The prisoner may, however, after reversal of the judgment, be arraigned, required to plead, and tried on the same indictment.

BECK, J. The plaintiff in error was indicted for the crime of forgery, at the September term, 1880, of the Court below, and at the January term, 1881, was tried and convicted, and by the judgment of the Court was sentenced to confinement in the penitentiary for the term of three years.

It is assigned for error that the prisoner never was arraigned by and before the District Court, and that he never plead or was required to plead to the indictment.

The record fails to show that the prisoner was ever arraigned upon the indictment, or required to plead thereto, but it does show that a motion to quash the indictment was pending and undecided at the time of the trial.

Our statute requires all criminal trials to be conducted according to the course of the common law, except where a different mode is pointed out. G. L. 1877, Sec. 821.

By the common law, when an offender was brought before the Court on criminal process, or appeared voluntarily to answer an indictment, no trial could be had until he was duly arraigned. This consisted of calling the defendant to the bar of the Court to answer the matter charged against him. The indictment was then read to him, after which it·was demanded of him whether he was guilty of the crime whereof he stood charged, or not guilty. If he made no answer, or his answer was foreign to the purpose, he was said to stand mute, and the plea of *"not guilty"* was entered by order of the Court, and a jury was empaneled to try him.

If the prisoner answered "not guilty," the clerk of the assizes immediately replied, in behalf of the crown, *"cul. prit.,"* an abbreviation signifying, "the prisoner is guilty, and the King is ready to prove him so." This oral reply of the clerk constituted the replication to the plea, and the cause was then at issue.

There were other pleas for special defenses, and, more anciently, other forms to be observed, but there is no occasion to mention them in this connection.

The above are, substantially, the manner and form of arraignment and pleading in criminal cases under our statute, at the present day. The arraignment and plea of not guilty, however, form the issue between the people of the State and the prisoner, without the replication. The provisions of the statute (G. L., 1877,) are as follows:

Section 815: "Upon the arraignment of a prisoner, it shall be sufficient, without complying with any other form, to declare orally by himself or herself, or his or her counsel, that he or she is not guilty, which declaration or pleas shall be immediately entered upon the minutes of the Court, by the clerk, and the mention of the arraignment and such plea, shall constitute the issue between the people of the State and the prisoner, and if the clerk shall neglect to insert in the minutes the said arraignment and plea, it may and shall be done at any time, by order of the Court, and then the error or defect shall be cured."

Section 816: "In all cases where the party indicted shall, on being arraigned, obstinately stand mute, or refuse to plead, standing mute or refusing to plead, shall be adjudged and taken to be a denial of the facts charged in the indictment, and the Court shall order the plea of 'not guilty' to be entered on the minutes,

and the trial, judgment and execution shall proceed in the same manner as it would have done had the party pleaded 'not guilty.' "

Mr. Bishop says there cannot be a trial on the merits in a criminal case until the defendant has pleaded not guilty, or this plea has been entered for him. He further says that this plea is an essential part of the proceedings, and that until an indicted person has pleaded, he is not in jeopardy, though a jury has been sworn to try him, or even though there has been an actual trial. Bishop on Crim. Pro., Sec. 801; Bishop on Crim. L., Sec. 1029 *a*.

Mr. Wharton says the right of arraignment may in some cases be waived, but a plea is always essential, and the Court cannot supply an issue after verdict, where there was neither arraignment nor plea, although the defendant consented to go to trial. (1 Whart. C. L., Sec. 530). In 3 Whart. C. L., Sec. 3154, it is said: "Wherever the duty to arraign is imperative, failure in the performance of this duty is fatal, when the record shows the failure in an appellate Court."

Our statute on this subject is the same as that of Illinois, and the Courts of that State have uniformly held that the provisions concerning arraignment and pleading in cases of felonies, are imperative; that arraignment and plea is essential to the formation of an issue; and there must be an issue to sustain a verdict. Without an issue there is nothing to try, and if the record fail to show that these essential steps were taken prior to trial, the entire proceeding is a nullity. *Johnson et al.* v. *The People*, 22 Ills., 315; *Aylesworth* v. *The People*, 65 Ills., 301; *Yundt* v. *The People*, 65 Ills., 372; *Hoskins* v. *The People*, 84 Ills., 87.

To the same effect are also the following authorities: *Douglas* v. *The State*, 3 Wis., 820; *Davis* v. *The State*, 38 Wis., 487; *Grigg* v. *The People*, 31 Mich., 471; *Sperry* v. *Commonwealth*, 9 Leigh. (Va.,) 623.

The Attorney General cites us to two cases, holding a somewhat different doctrine: *The State* v. *Cassidy*, 12 Ks., 550; and *The People* v. *Frost*, 5 Parker's Crim. R., 52.

The former case concedes that at common law, the failure of the record to show that the defendant was arraigned, or pleaded to the information, would avail the prisoner on a motion for a new trial, or in arrest of judgment, notwithstanding that he vol-

untarily went to trial, but holds that a different rule prevails under the Criminal Code of the State of Kansas.

The latter case holds that under the New York statute, when a prisoner is duly arraigned before a Court of competent jurisdiction, and demands a trial, it is not necessary he should plead not guilty.

These cases do not affect the rule applicable to our statute, which is as announced in the authorities previously cited.

It is not contended that there is any omission in the record to correctly recite all the proceedings incident to the trial.

The error complained of is fatal to the present judgment, but the defendant may yet be arraigned and required to plead to the same indictment, and afterwards tried thereon.

The judgment will therefore be reversed, and the cause remanded for further proceedings. *Judgment reversed.*