## HENRY WILLENBORG
### v.
## ILLINOIS CENTRAL RAILROAD COMPANY.

1. ENFORCING RESERVATION IN GRANT OF RIGHT OF WAY.—Where a person by deed poll granted the right of way to a railroad company over his lands, expressly stipulating that the company "shall erect and maintain such crossings as may be necessary to the accommodation of persons whose lands are divided by said track, and shall erect suitable fences," etc., and the company accept such deed and enter upon the land, the grantee of such grantor may have an action in his own name against the company for a failure to maintain crossings.

2. ASSUMPSIT WILL LIE.—In such cases the acceptance by the company of the grant and occupation of the land, raises an implied contract or promise to perform on its part, and assumpsit will lie.

ERROR to the Circuit Court of Effingham county; the Hon. THOMAS S. CASEY, Judge, presiding. Opinion filed September 29, 1882.

Messrs. GILMORE & WHITE, for plaintiff in error; that the acceptance of the deed and enjoyment of the estate binds the defendant to perform the stipulations, cited Atlantic Dock Co. v. Leavitt, 54 N. Y. 35; 2 Washburn on Real Property, 621.

The agreement is in the nature of a reservation and runs with the land: Bailey v. Wells, 3 Wils. 25; Kellogg v. Robinson, 6 Vt. 279; 1 Smith's Lead. Cas. 168; 2 Washburn on Real Property, § 16; Masury v. Southworth, 9 Ohio, 340; Atlantic Dock Co. v. Leavitt, 54 N. Y. 35; Rawle on Covenants, 341; St. L. J. & C. R. R. Co. v. Mitchell, 47 Ill. 166; Dorsey v. St. L. A. & T. H. R. R. Co. 58 Ill. 67; Sterling Hydraulic Co. v. Williams, 66 Ill. 397.

Messrs. GREEN & GILBERT, for defendant in error; that covenant will not lie against the defendant, cited R. R. I. & St. L. R. R. Co. v. Beckemeir, 72 Ill. 267.

The stipulation was not one that can be aliened or passed by a grant of the reversion: 1 Washburn on Real Property, 451; Parish v. Whitney, 3 Gray, 516.

WALL, J. The plaintiff in error declared in assumpsit against the defendant in error. The declaration contained two counts, the first of which alleged that on the 15th Nov., 1854, the defendant, desiring to construct and operate its railroad over the lands of one Henry Fisher, secured from said Fisher a deed for the right of way for that purpose over the land of said Fisher, said deed containing the following clause: "And it is understood that said company shall erect and maintain such crossings as may be necessary to the accommodation of persons whose lands are divided by the said track, and shall also erect and maintain such lawful fences as will divide the lands occupied by said company from the adjoining lands on each side, and as far as practicable, prevent intrusion upon or passage across the lands and railroad occupied by said company." That the defendant took possession of said right of way and constructed its road thereon and has ever since maintained and operated the same, whereby defendant became liable to said

Fisher, his heirs and assigns, to build and maintain such cross-ings and fences; that the plaintiff had succeeded to all the rights of said Fisher in and to said land and all agreements affecting the same, and averred that a crossing had become necessary for the accommodation of the plaintiff and that de-fendant on notice and request had refused to build the same. The second count alleged an undertaking by the defendant in consideration of this right of way over the land (describing it) then and there conveyed by Fisher and wife to the defendant, among other things, to and with said Fisher, his heirs and assigns, to build and maintain such crossings as would be necessary for the accommodation of the owner of the lands; that plaintiff had succeeded to all the rights of said Fisher by conveyances, etc.; that a crossing had become necessary, and that defendant, though requested, had refused to build the same.

The defendant filed a general demurrer to this declaration, craving oyer of the instrument sued on. The circuit court sustained the demurrer, and the question for present consid-eration is as to the propriety of that ruling. It is insisted that the plaintiff has no cause of action. The instrument which is set out on oyer, is a deed poll, reciting that, whereas the defendant railroad company contemplated the con-struction of certain lines of railroad, as authorized by its charter, therefore said Fisher, being desirous for the construc-tion of said road, as well as for the consideration of $25 granted to said company, their successors and assigns, by full covenants of warranty, for the purpose of constructing, maintaining and operating said railroad, a right of way, 200 feet wide, over and across the lands mentioned in the declara-tion, with a proviso, that in case of failure by the company to occupy the same, or if the route should be changed or aban-doned, so as not to pass over said premises, then the land thereby granted should revert to the party who might be law-fully entitled to the same, and then follows the clause which is above set out *in haec verba* relative to the erection and main-tenance of fences and crossings. It is urged that whatever obligation was imposed by the acceptance of this deed, it was

but a chose in action, personal to Fisher and not assignable to the plaintiff, and for neglect to observe which plaintiff could not sue. It is familiar learning, that, saving the rights of the king, the common law prohibited the assignment of choses in action, on the ground that by such transfers litigation would be encouraged and suits multiplied, and because a debtor should not without his consent have a new creditor substituted for the original one, since he might have substantial reasons for his choice of creditors.

The law merchant made an exception in the case of bills of exchange, which by statute was extended to promissory notes, and an exception recognized by the common law was in the case of real covenants, or covenants running with the land. In equity, the real claimant might sue in his own name. What is the nature of the condition involved in this case? It must be remembered that it is found in a deed poll, an instrument not executed by the defendant, but under which the defendant has accepted and is enjoying certain valuable rights, and it will be observed that it affects the enjoyment of those rights, to the detriment of the defendant, and for the benefit of the owner of the lands adjoining. There is respectable authority, as well as some good reason for saying, that though the grantee did not execute the deed, it is nevertheless his covenant, but the authorities as well as the arguments are not all in support of this position, and the Supreme Court of Illinois, in the case of R. R. I. & St. L. R. R. Co. v. Beckemeir, 72 Ill. 267, adopt the other, and from a purely technical view the sounder doctrine, that as the grantee has not engaged by deed, it is not his covenant. As was said by GIBSON, C. J., in Maule v. Weaver, 7 Penn. St. 332: "The forms of pleading are touchstones of the law, and the most dexterous pleader would find himself unable to make a successful profert of a deed poll, as the act of one who had not signed it." But whether such a condition, when found in a deed poll under which the grantee is enjoying the estate, is strictly his covenant or not, it is universally conceded that by the act of accepting and enjoying the benefit conferred by the deed, there is imposed an obligation or duty upon the grantee to perform

the condition. Having accepted the grant, he can not be heard to deny the condition, and may be compelled to perform it. Addison on Contracts, page 31.

For an interesting discussion of this principle, see the case of Atlantic Dock Co. v. Leavitt, 54 N. Y. 38, and the numerous authorities cited, all of which sustain the rule announced. In the case of Barnett v. Lynch, 5 Barn. & Cress. 602 (the authority referred to by the Supreme Court in the Beckemeir case, *supra*.) Abbott, C. J., said: "Here the defendant has not engaged by deed to perform the covenants, and consequently covenant will not lie. Then will assumpsit? I think it would, but why? Because the defendant has, by taking the estate subject to the payment of rent and the performance of the covenants of the original lease, thereby made it his duty to pay the rent and perform the covenants, and if, by neglecting that duty, a burden is cast on the person from whom he took the estate, it seems to me the law will imply a promise as arising out of that duty, and in that case the action of assumpsit will lie." Implied assumpsit is an undertaking presumed in law to have been made by a party from his conduct, though he has not made an express promise. The law always implies a promise or contract to do that which a party is legally bound to perform, and where by law a duty is imposed a promise will be implied. Assumpsit is technically an action on the case, and may be resorted to when there is a breach of contract, express or implied, for the payment of money or for the performance or omission of any other act: 1 Chitty on Pleading,s 98, 99; Wait's Actions and Defenses, Vol. 1, 373; Carter v. White, 32 Ill. 509. Where one accepts a deed poll containing a reservation of certain duties to be performed by the grantee, assumpsit lies for the breach of those duties. Goodwin v. Gilbert, 9 Mass. 510; Gould v. Leonard, 18 Pick. 511. The action will lie against the alience of a purchaser or other person accepting land expressly charged with the payment of money as a means of enforcing payment out of the land. De Haven v. Bartholomew, 57 Penn. St. 126. Applying these principles to the case at bar, we have no doubt the action was properly instituted. We do not agree with counsel that the condition is for the sole benefit of the grantor.

On the contrary, the grantor is not named, but the provision is in terms for the benefit of " persons whose lands are divided by said track."

The building of the road through the land in question was likely to render it inconvenient to use and cultivate the parcels on either side of the track, and was thus calculated to impair the value of that portion of the land not covered by the right of way, and to remedy this inconvenience it was stipulated that the parcels thus divided should be connected and made accessible from either side by crossings wherever necessary to the accommodation of the owners thereof. Thus the burden was imposed upon the strip granted for the service and benefit of the parcels retained. It became a duty arising from the acceptance and enjoyment under the grant which the law deems incumbent upon the grantee to perform for the benefit of those who may hold these parcels whenever the crossings may be necessary.

No special causes of demurrer have been presented. Upon the points made we are of opinion that the declaration is substantially good as disclosing a right of action in the plaintiff, and the judgment is therefore reversed and the cause remanded.

Reversed and remanded.

Casey, J., took no part in the decision of this case.