# Richmond.

## STONEHAM V. COMMONWEALTH.

### NOVEMBER 14th, 1889.

1. MURDER—*Trial in circuit court.*—A person charged with a felony that may be punished with death, may, when called to the bar to answer the indictment, elect to be tried in the circuit court, and when the record shows this, it is not error for the circuit court to refuse to remand the case to the county court for trial.
2. IDEM—*Instructions—Self-defense.*—In such trial where it was proved that deceased had threatened to take a watch from prisoner, a weaker man, and was making an attack on him at the time of the homicide, the court refused to instruct that "a man may repel force by force in defence of his person or property against one who manifestly endeavors by violence or surprise to commit a known felony upon either, and in these cases is not obliged to retreat, but may pursue his adversary until he has freed himself from danger." HELD: Error.

Error to judgment of circuit court of Lancaster county rendered November 27, 1888, whereby the plaintiff in error, John Stoneham, was sentenced according to the verdict of the jury, to confinement for the term of eighteen years in the penitentiary for the murder in the second degree of one George Clevenger. To this judgment the prisoner obtained a writ of error and *supersedeas.* Opinion states the case.

*W. A. Jones,* for the plaintiff in error.

*Attorney-General R. A. Ayers* and *W. C. Preston,* for the defendant in error.

LACY, J., delivered the opinion of the court.

Upon this trial there were numerous exceptions taken to the rulings of the circuit court, which are assigned as error here.

The first error assigned here is as to the action of the circuit court in overruling the motion of the accused, that the case be remanded to the county court of Lancaster county, to be there tried, upon the ground that the circuit court had no jurisdiction to try the case; the case having been removed to the said court from the said county court unlawfully. The record of the county court shows that the accused was indicted in the said court at the April term thereof, 1888, and at the July term of the said court next ensuing the following order was entered: "This day came the attorney for the commonwealth, and the prisoner was brought to the bar of the court to answer the accusation contained in the indictment; whereupon the prisoner demanded to be tried in the circuit court for the county of Lancaster, and the prisoner is remanded to jail for trial in the said circuit court." The plaintiff in error insisted in the circuit court, and insists here, that this entry does not show a compliance with the section of the Code of Virginia, which provides "that a person to be tried for any felony for which he may be punished with death, may, upon his arraignment in the county court, demand to be tried in the circuit court having jurisdiction over the county for which said county court is held" (sec. 4016, Code of Virginia), and without such compliance, the trial could only be had in the said county court by the requirement of the same section; that there had been no arraignment in the county court, and the time had not arrived when an election could be made, which could only be done upon his arraignment. In the criminal practice the arraignment is "the calling the defendant to the bar of the court to answer the accusation contained in the indictment." The record in this case shows that the prisoner demanded to be tried in the circuit court, "when he was brought to the bar

of the court to answer the accusation contained in the indictment"—that is, when he was arraigned—and it cannot be contended otherwise in this court upon the face of this record, and the circuit court did not err in refusing to remand the case to the county court. *Sutton* v. *Com.*, 85 Va., 128.

The next error assigned is the refusal of the court to give the following instruction to the jury, upon the motion of the accused: "A man may repel force by force, in defence of his person or his property, against one who manifestly endeavors, by violence or surprise, to commit a known felony upon either; and in these cases is not obliged to retreat, but may pursue his adversary until he has freed himself from all danger." The evidence shows that the deceased threatened to take by force from the person of the accused, a weaker man, a watch, claiming it to be his (which, however, was not his, and which deceased had admitted not to be his), at the risk of his life. The deceased and the accused were both drinking, and the accused very drunk. They were drinking together, and the deceased had applied to the clerk of the store where the drinking and killing occurred, for a pallet to lay the accused upon; that he wanted to see about a watch; and when his opportunity seemed present, the deceased had done something unobserved to the prisoner, which caused him to jump up from a reclining posture on the counter, and retreat rapidly, warning off the deceased, saying: "Stand back, off of me" Bystanders warned the deceased not to pursue, while the prisoner rapidly retreated, saying: "Stand back off of me, or I will shoot you!" a bystander saying twice to the deceased: "Do not pursue Stoneham [meaning the plaintiff in error], or he will shoot you." Nevertheless the deceased pressed up the prisoner, who retreated over sixteen feet, drew, and fired off a pistol to the right of deceased's body; and as deceased neared him, and raised his hand to seize or strike him, fired his pistol and killed deceased. This instruction correctly expounded the law, and should have been given. The accused was closely

pressed by an attacking man, who was his superior in strength, and his situation was one which justified his fear of grievous bodily harm; and, if the jury had found the facts as certified by the court, they should have found the homicide to be excusable self-defense, under all the circumstances of this case. *Parrish's case*, 81 Va., 1, and cases cited. The circuit court erred in overruling the motion of the accused to set aside the verdict, and grant him a new trial, for reasons set forth above; for which errors we are of opinion to reverse the said judgment of the said circuit court, and remand the case for a new trial to be had therein.

JUDGMENT REVERSED.