GAINES vs UNITED STATES.

Opinion delivered October 19, 1895.

*Criminal Law—Waiver of Arraignment and Plea.*

Under the law in force in the Indian Territory, arraignment may be dispensed with by the court with the defendant's consent

and if the defendant voluntarily goes to trial without being arraigned, he waives arraignment, and conviction will not be set aside for want of such arraignment.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

George Gaines appeals from a conviction of larceny. Affirmed.

Appellant, George Gaines, was tried at Ardmore upon an indictment for larceny, and was convicted October 8, 1895. The bill of exceptions, duly authenticated, shows that the case went to trial without arraignment of the defendant, or plea on his part, and without his being called upon to plead, and without any plea being entered for him. The jury returned a verdict of guilty, and the court sentenced him to imprisonment in the United States jail for six months. A motion for a new trial was made by defendant's counsel, on the grounds: First, because the court erred in submitting the cause to the jury without first having the defendant arraigned and requiring him to plead to the indictment. The other grounds assigned in the motion for a new trial need not be considered at this time. The motion for a new trial was overruled, and the defendant appeals to this court.

*Robert H. West*, for appellant.

1. There can be no trial upon the merits without a plea of not guilty. 1 Bishop on criminal precedure (3 Ed.) § 733—801; Sortorus vs State, 24 Miss. 602; People vs Corbett 28 Cal. 328; Douglass vs State, 3 Wis 820; Ailsworth vs People, 65 Ill. 300; Lacefield vs State, 34 Ark. 275; State vs Dillingham, 43 Ark. 154.

2.   Where the record in a criminal case fails to show affirmatively that a plea to the indictment was entered by or for the defendant, such record on its face shows a mis-trial. Hicks vs State, 111 Ind. 402; Bowen vs State, 108 Ind. 411; Johns vs State, 104 Ind. 557; Dindall vs State, 71 Ind. 314; Schoofner vs State, 93 Ind. 519; Fletcher vs State, 54 Ind. 462; Graeter vs State, 54 Ind. 150.   The record must show that the defendant was arraigned, or that he waived it, or the judgment will be reversed.   4 A. & E. Enc. Law 761; Schoeffler vs State, 3 Wis. 823; People vs Gains, 52 Cal. 479; Graig vs People, 31 Mich 471; State vs Saunders, 53 Mo. 234; State vs West, 84 Mo. 440.   The proceeding will not be rendered good by the fact that the defendant went to trial voluntarily and without objection knowing there was no plea. 1 Bishop Crim. Prac. (3 Ed) § 733; Anderson vs State, 3 Pinney 367;  McQuellen vs State 8 Smede & Marshall 587.

3.   If a defendant refuses to plead to an indictment it is the duty of the court to enter a plea of not guilty on his behalf.   Rev. Stat. U, S. § 1032.   A trial without entryof a lea of not guilty is erroneous.   Palmer vs United States, 1 Washington 7.

*A. C. Cruce,* for appellee.

No brief is on file for appellee.

SPRINGER, C. J. (after stating the facts.)   This case was first heard by the court of appeals at the January term, 1896; and upon the record and briefs and the oral argument then submitted the court was of the opinion that it is necessary to the legality of the trial either that the defendant plead to the indictment, or that a plea be entered for him in case of his refusal to do so, and that the judgment in this case should be reversed, and the case remanded.   A motion for a rehearing was made and granted, and after such re-

hearing the court has reached the conclusion that the judgment in this case should be affirmed.

By the law in force at the time of the commission of the offense for which appellant was tried in the court below, such offense was a misdemeanor. The question is, can the conviction stand without arraignment of the appellant, or plea in his behalf, at the trial? In Mansfield's Digest of the Laws of Arkansas an "arraignment" is defined to be the reading of the indictment by the clerk to the defendant, and asking him if he pleads guilty or not guilty to the indictment. It provides that arraignments shall only be made in indictments for felony, and may be dispensed with by the court with the defendant's consent; that upon arraignment, or calling of the indictment for trial if there is no arraignment, the defendant must either move to set aside the indictment, or plead thereto; that the only pleading on the part of the defendant is a demurrer or a plea; that the demurrer or plea must be put in in open court, and may be oral, but an entry thereof must be made on the record. It prescribes that there shall be but three kinds of pleas to an indictment, viz. a plea of guilty, not guilty, and a plea of former conviction or acquittal of the offense charged. It provides forms for the entry of the record of the demurrer and plea. It declares that an issue of fact arises upon a plea of not guilty, or of former conviction or acquittal; that in the trial the prosecuting attorney may read to the jury the indictment, state the defendant's plea thereto, and the punishment prescribed by law for the offense, and may make a brief statement of the evidence on which the government relies; that the counsel for the defendant may then make a brief statement of the evidence upon which the defendant relies. Under these provisions of the statute, it has been several times decided in Arkansas, in appeals from convictions in felony cases, that it is error to proceed to trial without a plea from the defendant. Lacefield vs State, 34 Ark. 275;

Perry vs State, 37 Ark. 54; Baker vs State, 39 Ark. 180. Subsequent decisions of the Supreme Court of Arkansas are to the effect, in both felony and misdemeanor cases, that a formal entry of a plea of not guilty, as well as arraignment, was waived by a defendant who voluntarily went to trial, as if a plea of not guilty were actually entered. In the case of Hayden vs State of Arkansas (decided by the Supreme Court of that state in January, 1892) 18 S. W. 239, Chief Justice Cockrill, delivering the unanimous opinion of the court, said: "In the case of Ransom vs State, 49 Ark. 176, 4 S. W. 658, it was ruled that a plea of not guilty waived arraignment, where that form had been omitted. Following up that lead, it was held in Moore vs State, 51 Ark. 130, 10 S. W. 22, that the formal entry of a plea of not guilty, as well as arraignment, was waived by a defendant who voluntarily went to trial as upon a plea of not guilty; that is to say, we treated as done what the court and parties at the trial regarded as done. But that case was a misdemeanor, and it is argued that it should not rule in this, which is a conviction for a felony. The reasons which obtained in the former case apply as well in this. The record shows that the appellant was represented by competent counsel, that he voluntarily announced himself ready for trial, and that the cause was treated as at issue upon the plea of not guilty. The defendant was accorded every right that he could have availed himself of under the most formal record entry of his plea. The only object of the plea was to make an issue. But the whole record attests that an issue was made. To disregard the trial, then, and say there was nothing to try, because without a plea there was no issue, and without an issue there could be no trial, would be to sacrifice the truth for a system of casuistry which was originally resorted to by the courts only to avoid the bloody consequences of the en-forcement of the criminal code of a prior century. The necessity for such niceties of reasoning has passed away.

The statute, moreover, prescribes that a judgment of conviction for a felony shall be reversed only for an error to the defendant's prejudice appearing upon the record. Mansf. Dig. § 2454. See, too, Cline vs State, 51 Ark. 145, 10 S. W. 225. The defendant has made no suggestion of any prejudice resulting from the failure to make a record entry of his plea, none appears upon the record, and we are unable to conceive that any exists. Knowing, doubtless, of the formal defect in the record, he has taken the chance of an acquittal, which would have barred further prosecution. The conviction will have the same effect. The industry of the attorney general, and of the prosecuting attorney who appears with him in the cause, has furnished several cases from other courts in point on the question at issue, in line with Moore vs State, supra. The rule announced in that case is applicable in this. No other question is raised in this case. · Let the judgment be affirmed." The authorities cited by the attorney general and the prosecuting attorney in the Arkansas case, cited and approved by that court, are as follows: 34 Ark. 275, was decided without considering sections 2297, 2454, Mansf. Dig. In State vs Dillingham, 43 Ark. 156, the court followed 34 Ark. 282. But both of these cases are in effect overruled by the later decisions of this court. Moore vs State, 51 Ark. 130, 10 S. W. 22, and cases cited. See, also, State vs Ward, 48 Ark. 39, 2 S. W. 191; State vs Hayes, 67 Iowa 27, 24 N. W. 575; State vs Cassady, 12 Kan. 550; Ransom vs State, 49 Ark. 176, 4 S. W. 658. There was no prejudicial error to defendant. Mansf. § Dig. 2454. Announcing ready for trial, and going to trial without objection, waives arraignment and plea. Cases supra, and McComber vs Insurance Co., 15 N. Y. 496; Stoneham vs Com., 86 Va. 523, 10 S. E. 238; State vs Bowman (Iowa) 43 N. W. 302; State vs Williard, 39 Mo. App. 58; State vs Beatty (Kan. Sup.) 25 Pac. 899; State vs Wilson (Kan. Sup.) 22 Pac. 622. Sutton vs Com. (Va.) 7 S. E. 323; People vs O'Leary (Cal.)

16 Pac. 884; Disney vs Com. (Ky.) 5 S. W. 360; Allyn vs State (Neb.) 33 N. W. 212; U. S. vs Molloy, 31 Fed. 19; State vs Greene (Iowa) 23 N. W. 154; Maxw. Cr. Proc. 541; Billings vs State (Ind. Sup.) 6 N. E. 914; Territory vs Shipley (Mont.) 2 Pac. 313; 1 Bish. Cr. Proc. § 733; U. S. vs McKee, 4 Dill. 1 Fed. Cas. No. 15,687; Bateman vs State (Miss.) 1 South. 172; Stewart vs State (Ind. Sup.) 13 N. E. 59; State vs Jones (Iowa) 30 N. W. 750; State vs Ward, 48 Ark. 39, 2 S. W. 191; McClintock vs Rogers, 11 Ill. 294; Pierson vs People, 79 N. Y. 424; Kellogg vs Ames, 41 N. Y. 261. These cases show that the technical requirements of the old common law are abrogated in these more enlightened times. There are many reported cases in which the courts hold that arraignment and plea, especially in capital and other felony cases, are a matter of substance, and cannot be waived. In a recent case in the Supreme Court of the United States, the case of Crain vs U. S., 16 Sup. Ct. 952, appealed from the Western district of Arkansas, the court, with but one dissenting opinion, held that arraignment and plea in capital and other infamous crimes could not be waived. The following authorities were cited in support of this opinion: Pointer vs U. S., 151 U. S. 396, 419, 14 Sup. Ct. 410; Co. Litt- 263a; 2 Hale, P. C. 219; 4 Bl. Comm. 322, 323, 341; 1 Chit. Cr. Law, 419; Com. vs Hardy, 2 Mass. 303, 316; Grigg vs People, 31 Mich. 471; Douglass vs State, 3 Wis. 821; People vs Corbett, 28 Cal. 328, 330; State vs Hughes, 1 Ala. 655, 657; Sartorious vs State, 24 Miss. 602, 611, 612; Bowen vs State, 108 Ind. 411, 413, 9 N. E. 378; Aylesworth vs People, 65 Ill. 301; Johnson vs People, 22 Ill. 314; Hoskins vs People, 84 Ill. 87; Parkinson vs People, 135 Ill. 401, 403, 25 N. E. 764; Yundt vs People, 65 Ill. 372; State vs Chenier, 32 La. Ann. 103; Ray vs People, 6 Colo. 231; State vs Vanhook, 88 Mo. 105; State vs Wilson, 42 Kan. 587, 22 Pac. 622; Jefferson vs State, 24 Tex. App. 535; Hicks vs State, 111 Ind. 402, 12 N. E. 522; State vs Agee, 68 Mo. 264; State vs Saunders,

53 Mo. 234; 1 Bish. Cr. Proc, (3d Ed.) §§ 733, 801; Whart. Cr. Law, § 530; Hopt vs People, 110 U. S. 574, 579, 4 Sup. Ct. 202, The opinion in the Crain Case was submitted by Mr. Justice Harlan, and but for the opinion in the Hayden Case, supra, would be conclusive upon this court Mansfield's Digest of the Laws of Arkansas has been put in force in the Indian Territory, and we take the laws of Arkansas with the construction put on them by the Supreme Court of that state. Section 2454 of Mansfield's Digest, which is the law in the Indian Territory, is as follows: ''A judgment of conviction shall only be reversed for the following errors of law to the defendant's prejudice appearing upon record: First. An error of the Circuit Court in admitting or rejecting important evidence. Second. An error in instructing, or in refusing to instruct, the jury. Third. An error in failing to arrest the judgment. Fourth. An error in allowing or disallowing a peremptory challenge. Fifth. An error in overruling a motion for a new trial." The Supreme Court of Arkansas, in the Hayden Case, supra, held that a judgment of conviction should not be reversed unless there were errors of law, to the defendant's prejudice, appearing upon record. It does not appear in the case at bar that there was error which in any way prejudiced the defendant's rights. He had a fair and impartial trial on the merits of his case, and was found guilty by a jury of his peers. The judgment must therefore stand, and it is accordingly affirmed.

LEWIS, J., concurs in this opinion.