### WRIGHT v. THE PEOPLE.

1. PRACTICE IN CRIMINAL CASES.

There is no issue to try in a criminal case until the defendant pleads to the information.

2. SAME—PLEA.

The plea of the defendant in a criminal case must be entered of record.

3. SAME—ARRAIGNMENT AND PLEA—RECORD.

In order to sustain a conviction of a felony it is essential that the record show affirmatively an arraignment and plea. A recital in the instructions to the jury that the defendant interposed a plea will not suffice.

*Error to the District Court of Montrose County.*

Messrs. BLACK & CATLIN, for plaintiff in error.

THE ATTORNEY GENERAL and Mr. CALVIN REED, of counsel, for the People.

CHIEF JUSTICE HAYT delivered the opinion of the court.

At the regular October, A. D. 1895, term of the district court of Montrose county, an information was filed by the

district attorney, charging plaintiff in error, John Wright, with the crime of burglary. The record in the case fails to disclose that the defendant pleaded to this information, although he was tried, convicted and sentenced for the crime charged. The failure to plead seems to have been first called to the attention of the trial court upon the motion for a new trial. This motion should have been sustained, as under our practice there is no issue to try until the defendant pleads to the information, which plea is required by the statute to be made a matter of record.

Section 1467, Mill's Annotated Statutes, provides that " All trials for criminal offenses shall be conducted according to the course of the common law, except when this chapter points out a different mode." * * *

Section 1461, Mill's Annotated Statutes, provides that " Upon the arraignment of a prisoner it shall be sufficient, without complying with any other form, to declare orally by himself or herself, or his or her counsel, that he or she is not guilty, which declaration or plea shall be immediately entered upon the minutes of the court by the clerk, and the mention of the arraignment and such plea shall constitute the issue between the people of the state and the prisoner; and if the clerk should neglect to insert in the minutes the said arraignment and plea, it may and shall be done at any time by order of the court, and then the error or defect shall be cured."

It is conceded that a conviction for a felony cannot be sustained at common law in the absence of a plea, but in this case it is claimed that the record sufficiently shows that the defendant did plead to the indictment. This claim is based upon the charge of the court to the jury, in which, after detailing the crime charged against the defendant, the court uses the following language : " The defendant has interposed the plea of not guilty." An examination of the record, however, discloses that the above statement of the court was not in accordance with the fact. The statute quoted requires the plea to be immediately entered upon

the minutes of the court by the clerk, and provides that, in case of failure to make the necessary record at the time, it may be done at any time by order of the court. We cannot doubt that the learned judge who tried this case in the court below, upon his attention being called to the failure of the record to show affirmatively that the defendant had pleaded to the indictment, would have immediately caused such plea to have been entered of record, if by so doing the record would have spoken the truth. That he did not cause the record to be so amended is conclusive proof that the facts did not justify the statement made in the instruction. Aside from this, it has been held in many cases that the record must affirmatively show the arraignment and plea to sustain a conviction of a felony. *Yundt v. The People*, 65 Ill. 372; *Aylesworth v. The People*, 65 Ill. 301; *Price v. The People*, 9 Ill. App. 36; *Ray v. The People*, 6 Colo. 231.

The last case cited contains a full discussion of the entire question, and it must be regarded as *stare decisis* in this state. The statute was adopted from the state of Illinois, and in holding that an arraignment and plea are indispensable to a valid conviction we have simply followed the rulings of the Illinois court.

An effort was made at the last session of the legislature to change this statute, and senate bill 145 was introduced into the general assembly for that purpose, but it failed to become a law. This would indicate that the legislature did not at that time favor a change of practice in this respect. The defendant may yet be required to plead and be again put upon trial.

The judgment of the district court must be reversed, and the cause remanded, with instructions to require the defendant to plead to the indictment.

                                                      *Reversed.*