[No. 6678.]

PEOPLE v. HEATH.

1. CRIMINAL LAW—*Arraignment—Plea*—Where the accused is tried and convicted without ararignment or plea, the judgment must be arrested—(183).

The provision of the statute (Mills' Stat. Sec. 1433, Rev. Stat. Sec. 1956) that no judgment shall be arrested "for any matter not affecting the real merits of the offense charged," has reference to the information, not to proceedings during the progress of the trial—(184).

2. ——*Arrest of Judgment—Effect*—Where a judgment upon a criminal information is arrested for want of a plea by the defendant, he may be afterwards arraigned and required to plead —(185).

*Error to Denver District Court*—HON. HARRY C. RIDDLE, Judge.

Mr. GEORGE STIDGER, district attorney, Mr. JOHN HORNE CHILES and Mr. HARRY S. SILVERSTEIN for the people.

No appearance for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the Court:

The District Attorney prosecutes this writ of error to review a decision of the trial court sustaining defendant's motion in arrest of judgment. The trial court thereafter set aside the verdict and granted a new trial. Authority for a review of the motion in arrest is found in section 1997 Revised Statutes 1908. The record does not show that defendant was ever arraigned by the district court or that he ever plead or was required to plead to the information. In *Ray v. People*, 6 Colo. 231, decided in 1882, this Court held, in a writ of error to a judgment on a verdict of guilty, that where defendant was not arraigned and did not plead, a reversal must be had. In *Wright v. People*, 22 Colo. 143, decided in 1896, the Ray case was followed and the doctrine again announced. The district attorney says that in neither case was section 1956 Rev. Stats. 1908 called

to the attention of, or considered by, the court, though the statute was then in force, and that section 1986, which was not passed until the year 1907, was, of course, not then considered.  His contention is that each of them has the effect to cure the absence of such arraignment and plea, and to require at the hands of this court that a different rule be now established. While there is no statement in the opinion in the Ray case that section 1956 was cited, the court evidently was aware of it, since the statute was taken from the State of Illinois, and was in force when the Illinois decisions, which were followed in the Ray case, were announced.  Besides, we do not think there is anything in this section which affects the question before us.  It provides, among other things, that "no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in such indictment."  The merits of the offense as charged in the indictment, and not proceedings during the progress of the trial, are referred to.  The part of section 1986 which is supposed to be pertinent, reads: "And no indictment or information shall be deemed insufficient, nor shall the trial, judgment or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits."  The defect for which a reversal should not be had seems to refer to a defect in the indictment or information and not to errors committed by the court in its rulings during the trial.

In the Wright case Chief Justice Hayt said in the opinion, that after the decision in the Ray case our General Assembly refused to pass a law to change the statute so as to do away with the necessity for the record to show affirmatively a formal arraignment and plea.  If our General Assembly in 1907 had intended, by section 1986, to change the rule of these two

cases, it would have unquestionably expressed its intent in such a way as to leave the matter in no doubt. These sections relied upon by the District Attorney do not have the legal effect claimed. The doctrine of the two cases has so long been in force in this state that before a different one is announced by the courts a statute should confer the authority. A new trial having been granted to the defendant herein, notwithstanding the ruling of the trial court upon the question we are now considering he may yet be arraigned and required to plead, and can be put upon trial. The ruling here reviewed was right.

Mr. JUSTICE WHITE and Mr. JUSTICE BAILEY concur.