[No. 8584.]

## THE PEOPLE V. LAWTON ET AL.

CRIMINAL LAW—*Arraignment and Plea,* are essential prerequisites to a judgment of conviction. (567.)

*Error to Arapahoe District Court.* Hon. H. S. CLASS, Judge.

Mr. SAMUEL W. JOHNSON, District Attorney, Mr. CHARLES E. FRIEND, Mr. LUKE J. KAVANAUGH, for The People.

No appearance entered for defendants in error.

The defendants in error were indicted for criminal conspiracy. The case was tried, and the jury returned a verdict of guilty, upon which judgment was pronounced. A motion to set aside the verdict was made and sustained upon the ground, it does not appear from the record, that defendants were arraigned or required to plead, nor did they ever enter any plea. The District Attorney brings the ruling here for review on error.

Chief Justice GABBERT delivered the opinion of the court.

In *Ray v. People*, 6 Colo. 231, decided in 1882, *Wright v. People*, 22 Colo. 143, 43 Pac. 1021, decided in 1896, and again in *People v. Heath*, 51 Colo. 183, 117 Pac. 139, decided in 1911, it was ruled that where a party is tried, convicted and sentenced for a criminal offense without arraignment and plea, the verdict on motion must be set aside and a new trial granted. On the authority of these cases, the ruling of the District Court must be approved and it is so ordered. As stated in substance in *People v. Heath, supra,* the doctrine of the cases cited has been in force so long in this state, that before a different one is announced by the courts, a statute should confer the authority.

*Ruling approved.*

Decision *en banc.*

Mr. Justice GARRIGUES and Mr. Justice SCOTT dissent.

GARRIGUES, J., dissenting.

On three former occasions where the accused was tried and convicted without being arraigned, we held that the verdict was without effect, and the judgment pronounced thereon void. *Ray v. People*, 6 Colo. 231; *Wright v. People*, 22 Colo. 143, 43 Pac. 1021; *People v. Heath*, 51 Colo. 182, 117 Pac. 139.

I would ordinarily vote to reaffirm the doctrine announced in those cases without further inquiry. But the numerous authorities called to our attention appealed to me with such force, that after an exhaustive investigation I have reached the conclusion that the former cases should be overruled.

The *Ray* case is based upon and follows an Illinois decision. The *Wright* case follows the *Ray* case. The *Heath* case follows both, and construes a late statute, S. L. 1907, 353, which it holds has no bearing upon the question. That act reads in part as follows:

"No indictment or information shall be deemed insufficient, nor shall the trial, judgment or other proceedings thereon be reversed or affected by any defect which does not tend to prejudice the substantial rights of the defendant on the merits."

An analysis of the section shows that it relates to two distinct and separate matters, one referring to the indictment or information, and the other relating to the trial, judgment or other proceedings. The *Heath* case says the insufficiency and defects spoken of, relate to the indictment or information only, and not to errors committed by the court during the progress of the case. This is too narrow an interpretation of the statute. If the legislature had intended the act to apply only to the indictment or information, it could easily have said so. Why does the act refer at all to the trial, judgment and other proceedings? If it was meant that it should relate to the indictment or information only, it seems to me the section would have read: No indictment or information shall be deemed insufficient, nor shall any judgment based thereon be reversed for any defect appearing therein which does not affect or tend to prejudice the substantial rights of the defendant. It says the judgment shall not be reversed on account of any defect on the trial which does not tend to prejudice the substantial rights of the defendant on the merits. If the statute is construed so as to give all of its parts a meaning, I think it should be held, not only that no case shall be reversed on account of defects in the indictment or information which do not tend to prejudice the substantial rights of the defendant, on the merits; but also, that no cause shall be reversed by reason of any defect growing out of the trial, which does not so operate. But disregarding the statute, and coming to the exact question presented: Can a defendant in a criminal prosecution, who has been regularly indicted or informed against; who appears in court in person and by counsel,

and consents that the case may be set down for trial at a future day, at which time he appears; who informs the court that he is ready for trial; assists in the selection of a jury, cross-examines the people's witnesses, introduces evidence in his own behalf, presents instructions and argues the case to the jury; who has had the advantage of every rule to which he is entitled, in all respects as though a formal arraignment had been had, and a plea of not guilty entered, stand silently by with a full knowledge of the omission of this formality, and then, when the issues have gone against him, claim as a matter of right and be granted a new trial, for this reason only? I answer most emphatically, no, and am sustained by the overwhelming weight of modern authority. *Garland v. State,* 232 U. S. 642, 34 Sup. Ct. 456, 58 L. Ed. 772, overruling *Crain v. U. S.,* 162 U. S. 625, 16 Sup. Ct. 952, 40 L. Ed. 1097; *Hack v. State,* 141 Wis. 346, 124 N. W. 492, 45 L. R. A. (N. S.) 664, overruling three former decisions; *People v. Weeks,* 165 Mich. 362, 130 N. W. 697, overruling *Grigg v. People,* 31 Mich. 471; *Hayden v. State,* 55 Ark. 342, 18 S. W. 239; *Brewer v. State,* 72 Ark. 151, 78 S. W. 773, overruling two former decisions; *State v. Garland,* 65 Wash. 670, 118 Pac. 907; *State v. Forner,* 75 Kan. 423, 89 Pac. 674, 12 Ann. Cas. 703, overruling former cases; *Spicer v. People,* 11 Ill. App. 298; *Wood v. State,* 4 Okl. Cr. 440, 112 Pac. 11, 45 L. R. A. (N. S.) 673; *Hast v. Territory,* 5 Okl. Cr. 167, 114 Pac. 261; *State v. Klasner,* 19 N. M. 484, 145 Pac. 679, overruling two former decisions; *Allyn v. State,* 21 Neb. 593, 33 N. W. 212; *State v. Greene,* 66 Iowa, 12, 23 N. W. 154; *State v. Corwin,* 151 Iowa, 422, 131 N. W. 659; *Bryans v. State,* 34 Ga. 324; *Hudson v. State,* 117 Ga. 704, 45 S. E. 66; *Molihan v. State,* 30 Ind. 267; *People v. Osterhout,* 34 Hun, 260; *People v. Brander,* 107 N. Y. 1, 13 N. E. 87; *State v. Reddington,* 7 S. D. 368, 64 N. W. 170; *State v. Brock,* 61 S. C. 141, 39 S. E. 359.

The Supreme Court of the United States and many of the state courts have overruled their former decisions in this regard and we should not hesitate to do likewise, as no rule relating to a property right would be in any manner changed or affected.

In *Garland v. State*, 232 U. S. 642, 58 L. Ed. 772, 34 Sup. Ct. 456, Mr. Justice Day, speaking for the court, said among other things:

"It is apparent that the accused was tried and convicted upon an information charging an offense against the law; that he had a jury trial, with full opportunity to be heard, and that he was in fact deprived of no right or privilege in the making of his defense, unless such deprivation arises from the fact that he was not arraigned and required to plead to the second information before trial."

That case holds that the want of an arraignment deprived the defendant of no substantial right, or in any wise changed the course of the trial to his disadvantage, and follows and adopts the dissenting opinion of Mr. Justice Peckham in *Crain v. U. S.*, 162 U. S. 625, 40 L. Ed. 1097, 16 Sup. Ct. 952, which it overruled.

In Illinois, whose decisions we followed in the *Ray* case, we find in *Spicer v. People*, 11 Ill. App. 298, the following language:

"But if this were the only point in the case we should be inclined to hold upon the fact as shown by this record, that defendant announced himself ready for trial, he in effect entered a plea, and that the failure of the record to contain a formal statement on that point would be a mere irregularity for which, no other reasons appearing, the judgment would not be set aside."

In my opinion, while arraignment and plea are necessary, and should not be omitted in criminal cases, still, where the defendant announces himself ready, voluntarily goes to trial, and participates therein without objection or

calling the court's attention to the fact that he has not been arraigned, that the failure of the record to contain a formal statement that he was arraigned, or if as a fact he was not arraigned, is a mere irregularity for which the case should not be reversed, or the judgment set aside in the absence of a satisfactory showing that the substantial rights of the defendant were prejudiced thereby.

Feeling, as I do, that the adoption of the modern rule as above announced would violate no right of defendants in criminal cases and that it would often prevent an injustice to the people, I have no hesitancy, much as I respect precedent, in expressing the view that our former decisions upon this subject should be overruled.

I am authorized to state that Mr. Justice SCOTT concurs in the views herein expressed.