No. 19,699.

NICHOLAS J. LANDFORD *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(365 P. [2d] 893)

Decided October 30, 1961.   Rehearing denied November 20, 1961.

Mr. WALTER J. GERASH, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will refer to plaintiff in error as defendant. Following a jury trial he was found guilty of aggravated robbery and conspiracy to commit the crime of aggravated robbery, and sentenced to imprisonment in the state penitentiary for a period of not less than nineteen nor more than fifty years on the aggravated robbery count. A lesser sentence was imposed on the conspiracy count to run concurrently with the sentence first above mentioned.

The argument for reversal of the judgment is presented under three captions as follows:

"1. The trial court lost jurisdiction of the person and the subject matter, since a 'not guilty' plea to the issues of robbery and conspiracy to commit robbery was not entered.

"2. The trial court erred in allowing written endorsement of a witness to the surprise of and prejudice to the defendant, without granting the defendant a continuance.

"3. The trial court erred when it denied counsel for defendant the right to impeach the credibility of a witness by asking him whether or not he had been convicted of a felony."

In support of point 1 above, it is observed that the record does not show the entry of any plea of not guilty by defendant. On June 25, 1959, defendant was arraigned and entered a plea of not guilty "by reason of insanity at the time and since." The record shows no disposition of any issue tendered by the plea of insanity. No evidence whatever was submitted on that issue, and no instructions or forms of verdict upon that issue were

requested. The case came on for trial May 9, 1960. Defendant proceeded to trial without objection and in all respects contested the case as though the "not guilty" plea had been entered. No mention was made of the point in the motion for a new trial, and the matter has not been called to the attention of the trial court in any way. Actually the absence of a not guilty plea was not discovered by counsel who appears on behalf of defendant in this court until the record on error had been completed. Counsel relies on *Ray v. People,* 6 Colo. 231; *Wright v. People,* 22 Colo. 143, 43 Pac. 1021; *People v. Heath,* 51 Colo. 182, 117 Pac. 138; and *People v. Lawton, et al.,* 61 Colo. 566, 158 Pac. 1099, as supporting his argument that without a not guilty plea no issue was presented and the entire trial was a nullity. All of the authorities relied on by counsel were decided prior to the adoption of C.R.S. 1953, 39-7-9, the pertinent part of which reads as follows:

" * * * And in case the party indicted or informed against, shall not, for any reason, be arraigned as provided by law, and shall thereafter enter upon the trial upon the charge contained in said indictment or information, without objection, because of not having been so arraigned as provided by law, then and in that event, such error or omission being called to the attention of the trial court or judge, at any time during the progress of said trial, or at any time thereafter, in case of conviction, said court or judge shall cause an order to be entered, of a plea of not guilty, said order to take effect nunc pro tunc as of the day of and immediately before the beginning of said trial, and upon the entry of said order, an issue upon the charge contained in said indictment or information shall be deemed to have been raised between the people and the defendant in such case as of the date of the beginning of said trial, and no motion in arrest of judgment or otherwise shall be sustained by the court or judge because of the omission of a plea

in behalf of defendant at or before the beginning of such trial."

This statute makes it quite clear that, even if the defects first mentioned above were ignored and the issue considered on its merits, defendant is entitled to no relief whatever based on the lack of entry of plea of not guilty prior to trial. Pursuant to the language above quoted we hereby call to the attention of the trial court the "error or omission" and direct that a nunc pro tunc order of a plea of not guilty enter pursuant to the statute. In this statute we find no escape hatch through which defendant may avoid the consequences of the aggravated offense of which he was convicted.

With reference to point 2 of the assignment of errors, the record indicates that a police officer was endorsed as a witness for the people on the day the trial began. Counsel for defendant objected to the endorsement. He relies on *Kloberdanz v. People*, 95 Colo. 30, 31 P. (2d) 1111, as authority for his contention that the court erred in permitting the officer to testify. The testimony given by him was largely cumulative to that given by other witnesses and no showing of prejudice to the rights of defendant appears. It is clear that any inquiry into the facts pertinent to the charge, or any investigation by counsel prior to the date of trial, would have disclosed the presence of the officer in the company of other patrolmen who were endorsed as witnesses. The case of *Kloberdanz v. People*, supra, is clearly distinguishable upon the facts. In that case a clear showing of prejudice to the rights of accused was made. In the instant case no showing of possible prejudice is made.

With reference to point 3, the record discloses that out of the presence of the jury the district attorney informed the court that he intended to call one Garrett as a witness, that, "Mr. Garrett is on parole out of Buena Vista." The prosecutor requested the court to

"instruct defense counsel not to ask that question," (as to whether the witness had been convicted of a felony). It was the position of the district attorney that under the holding of this court in *Smalley v. People,* 134 Colo. 360, 304 P. (2d) 902, it was improper for counsel for the defendant even to ask the question, "Have you ever been convicted of a felony?" We are at a loss to understand why a prosecuting attorney would take such a position. After some considerable contention between counsel before the court in chambers the ruling of the court was as follows:

" * * * it is the decision of this Court that so far as his record is concerned, this witness has not been in the established law in this case been convicted of a felony, and as a consequence this Court will rule that you do not have that right to go into it on cross examination."

Proper procedure would have dictated that the question should have been permitted, and if the court was correct in concluding that no felony had been committed by the witness, the answer to the question would have been "No."

Not all of the proceedings outside the presence of the jury appears in the transcript. It is impossible to tell, from what appears of record, whether the witness had been convicted of a felony. The very clear statement of the trial court was that he had not been so convicted and this conclusion is presumptively correct until the contrary is made to appear. No offer of proof was made by counsel tending to establish that the witness had been convicted of a felony. In the absence of some showing that prejudice resulted from the failure of the trial court to permit the question to be asked, we must assume that the court was correct in concluding that the answer to the question would have been in the negative. Under these circumstances, nothing to the contrary appearing, defendant was in no manner prejudiced by excluding the question.

We have read the entire record and conclude that the guilt of the defendant is overwhelmingly established. The judgment is affirmed.