RANSOM v. STATE.

1. CRIMINAL PRACTICE: *Waiver of arraignment.*

When a defendant voluntarily pleads to an indictment, without formal arraignment, and his plea is accepted by the court, he impliedly waives his right to hear the indictment read.

Ransom v. State.

2. CRIMINAL EVIDENCE:  *Right of accused to testify after conviction for infamous crime.*

The provision oi *sec. 2859 of Mansfield's Digest,* which declares that persons convicted of larceny and other enumerated crimes, shall be incompetent to testify, except by consent of the parties, does not apply to criminal trials. And in such cases, the act of March 24, 1885, which provides that a person charged with a criminal offense shall, at his own request, " be a competent witness," removes the common law disqualification arising from infamy. It is error, therefore, to exclude an accused person as a witness in his own behalf, although he may have been previously convicted of an infamous crime.

APPEAL from *Franklin* Circuit Court.

G. S. CUNNINGHAM, Judge.

*J. V. Bourland* for appellant.

1. Appellant was entitled to testify in his own behalf. *Acts 1885, p. 126.*

*Sec. 2859, Mansf. Dig.,* only applies to civil cases, and there is *no exception* in the act of 1885.

2. The record does not show that defendant was arraigned, or that he waived it. *39 Ark., 180.*

*Dan W. Jones,* Attorney General, for appellee.

Concedes that appellant had the right to testify in his own behalf. *Whart. Cr. Ev., par. 429; 63 Barb., 630.*

There is no other error.

SMITH, J. The record does not show that the indictment was read to the defendant and that he was required to say in open court whether or not he was guilty of what was therein alleged against him. But it does show that he entered his plea of not guilty and announced himself as ready to proceed to

12

trial.   As the object of an arraignment is to obtain defendant's plea, and as it may be dispensed with by the court with his consent, it follows that if he voluntarily pleads to the indictment without being formally arraigned, and the court accepts his plea, this is an implied waiver of his right to hear the indictment read.   *Mansf. Dig., secs. 2150, 2154; 1 Bish. Cr. Pro., 3d ed., secs. 728, 733, and cases there cited.*

On the trial the prisoner offered to testify in his own behalf. He admitted that he had, before that time, been convicted of grand larceny and had served out his term of imprisonment in the penitentiary.   Upon the objection of the Prosecuting Attorney, he was excluded as a witness.

The Code of Civil Procedure declares that persons convicted of larceny, and other enumerated crimes, shall be incompetent to testify, except by consent of the parties. *Mansf. Dig., sec. 2859.*   But this provision has no application to criminal trials, as was ruled in *Werner v. State, 44 Ark., 122.* However, infamy was a disqualification at common law; and the disqualification continues, unless it has been removed by statute.   The act of March 24, 1885, enacts that " on the trial of all indictments, informations, complaints and other proceedings against persons charged with the commission of crimes, offenses and misdemeanors, the person so charged shall, at his own request, but not otherwise, be a competent witness."

This abrogates the common law rule and gives the accused the absolute, unqualified right to testify.   The enabling statute makes no exceptions ; and the courts can make none. It is a universal right, and it matters not that the defendant may be branded by a judgment of conviction for an infamous crime, he still has the privilege of stating to the jury any matter calculated to explain the charge against him and of exonerating himself, if he can.   *Delameter v. People, 5 Lansing, 332; Newman v. People, 6 id., 460; S. C. 63 Barbour, 630.*

The judgment is reversed and a new trial ordered.