MOORE V. STATE.

1. EVIDENCE· *Of justice's judgment: Docket entry.*

Where a paper purporting to be the docket entry of a justice of the peace, but not certified as a copy of the docket, nor accompanied by proof that it is genuine, is offered in evidence to prove the imposition of a fine, it is not error to exclude it.

2. CRIMINAL PROCEDURE: *Failure to enter plea: Practice on appeal.*

A judgment of conviction for a misdemeanor will not be reversed because the record fails to show that a plea was entered by the defendant, where the court and parties treated the cause as at issue on the plea of not guilty.

APPEAL from *Polk* Circuit Court.

RUFUS D. HEARN, Judge.

*The Appellant pro se.*

1. The record in the justice's court verified the plea of defendant. 32 Ark., 722.

2. There was no plea by defendant, and no issue to be tried. 34 Ark., 275; 37 Id., 54; 39 Id., 180.

3. Neither the official signature of the justice, nor the for-

Moore v. State.

mal entry of the judgment, were necessary to the validity of the justice's record. 12 Ark., 670; 14 Ohio, 295; 2 Yerger, 24.

*Dan. W. Jones,* Attorney General, for appellee.

The plea of former conviction was not verified by the record of the former conviction, and the court properly sustained the demurrer to it. *Bradley v. State,* 32 Ark., p. 722.

The demurrer having been sustained it was of course improper to admit any testimony of that conviction. The issue of law upon that had been determined against the appellant.

The record shows, or rather fails to show, the entry of any other plea; but it must be borne in mind that this is a conviction for a misdemeanor, punishable by fine alone, and we submit that the defendant by standing by, consenting to the trial by the court, and in his motion for a new trial raising no question of a plea of not guilty having not been entered, waived whatever of rights he had in that matter.

The cases in this court holding that the entering of a plea previous to trial is a pre-requisite to a proper conviction are all felonies, so far as we have been able to ascertain.

COCKRILL, C. J.

The appellant was indicted for assault with intent to murder. There was a *nol. pros.* as to the felony, when he interposed a plea of former conviction. A demurrer to the plea was sustained, and that is assigned here as error. But there is no plea in the record and therefore nothing from which we can draw the deduction that the court erred in sustaining the demurrer.

Upon the call of the indictment for trial, a jury was waived and the cause submitted by consent to the court. There was incontestible proof of the assault, and the defendant to

1. EVIDENCE: Docket entry of justice

Moore v. State.

meet it offered in evidence what purported to be the docket entry of a justice of the peace imposing a fine on him for an assault upon the person named in the indictment    It was not a certified copy from the justice's record, nor was it acompanied by an offer to prove its genuineness.    Error cannot be laid to the rejection of the proposed evidence.

2. CRIMIN-
AL PROCE-
DURE.
Failure to
enter plea.

But it is said the judgment should be reversed because the record fails to disclose that a plea was entered by the defendant. It is not essential that a defendant should enter a plea to the indictment—a plea of not guilty may be entered by the court for him if he declines to plead.    And if the court treats the cause as at issue without a formal entry of the plea, and he acquiesces in the court's action by availing himself of every privilege that could be accorded him under the plea, no substantial right has been affected ; but only an irregularity of the most technical character has been countenanced. Where the objection is technical and the thing complained of might have been obviated by the mere mention at the time the irregularity occurred, and it has been productive of no injury, it would be inconsistent with the intelligence that ought to govern the whole course of judicial proceedings,

Practice on
appeal.

to arrest the judgment on account of it.    Indeed, we are commanded by the statute, which regulates the practice on appeal in misdemeanors, to reverse no judgment except for errors apparent on the record to the prejudice of the appellant.    Mansfield's Dig., sec. 2468.

No prejudice has resulted from a failure to enter a formal plea in this case.    The appellant voluntarily submitted to the trial, and precisely the same proceedings were had as if he had formally entered a plea of not guilty.    The cause was treated by both parties as though the issue was made on the plea of not guilty.    The formal plea was thereby waived.

See *State v. Ward*, 48 Ark., 39; *State v. Hayes*, 67 Iowa, 27; *State v. Cassady*, 12 Kan., 550; *Ransom v. State*, 49 Ark., 176.

The judgment was for a simple assault and it is affirmed.