## HAYDEN *v.* STATE.

Decided January 23, 1892.

*Felony—Waiver of arraignment and plea.*

> Where no prejudice appears upon the record, a conviction of a felony will
> not be set aside because the defendant was tried without arraignment or
> plea, if the cause was treated as at issue upon the plea of not guilty.

ERROR to *Sebastian* Circuit Court, Fort Smith District. EDGAR E. BRYANT, Judge.

Hayden was convicted of grand larceny. By motions for a new trial and in arrest of judgment he, after verdict, for the first time objected that he was not arraigned, and that he had not pleaded to the indictment.

The record discloses that when the cause came on to be heard on the indictment and evidence, the State being present by her attorney and the defendant being present in person and by attorney, both parties announced themselves ready for trial, and defendant waived the drawing of a jury; that the jury were sworn and empaneled to try the cause, and the trial progressed ; that when the jury had heard the evidence, the instructions of the court and the argument of counsel, they retired to deliberate, and returned into court a verdict of guilty.

The motions were denied. Defendant seeks to test the validity of the conviction.

The appellant, *pro se.*

It is reversible error to try a defendant charged with felony, without arraignment or plea. 34 Ark., 275 ; 39 *id.,* 180 ; 43 *id.,* 154.

*James B. McDonough,* prosecuting attorney, for appellant, with whom is *W. E. Atkinson,* Attorney General.

34 Ark., 275, was decided without considering secs. 2297 and 2454 of Mansf. Dig. In 43 Ark., 156, the court followed 34 *id.,* 282. But both of these cases are in effect overruled by the later decisions of this court. 51 Ark., 130, and cases cited. See also, 48 *id.,* 39 ; 67 Iowa, 27 ; 12 Kansas, 550 ;

49 Ark., 176; There was no prejudicial error to defendant. Mansf. Dig., sec. 2454. Announcing ready for trial and going to trial without objection waives arraignment and plea. Cases *supra*, and 15 N. Y., 496; 86 Va., 523; 43 N. W. Rep., 302; 39 Mo. App., 58; 25 Pac. Rep., 899; 22 *id.*, 622; 7 S. E. Rep., 323; 16 Pac. Rep., 884; 5 S. W. Rep., 360; 33 N. W. Rep., 212; 31 Fed. Rep., 19; 23 N. W. Rep., 154; Maxwell, Cr. Pro., 541; 6 N. E. Rep., 914; 2 Pac. Rep., 313; 1 Bish., Cr. Pr., sec. 733; 4 Dill., 1; 1 So. Rep., 172; 3 N. E. Rep., 59; 30 N. W. Rep., 750; 48 Ark., 39; 11 Ill., 294; 79 N. Y., 424; 41 N. Y., 261. These cases show that the technical requirements of the old common law are abrogated in these more enlightened times.

COCKRILL, C. J. In the case of *Ransom* v. *State*, 49 Ark., 176, it was ruled that a plea of not guilty waived arraignment, where that form had been omitted. Following up that lead it was held in *Moore* v. *State*, 51 Ark., 130, that the formal entry of the plea of not guilty, as well as arraignment, was waived by a defendant who voluntarily went to trial as upon a plea of not guilty. That is to say, we treated as done what the court and parties at the trial had regarded as done. But that case was a misdemeanor, and it is argued that it should not rule in this which is a conviction for felony. The reasons which obtained in the former case apply as well in this. The record shows that the appellant was represented by competent counsel, that he voluntarily announced himself ready for trial, and that the cause was treated as at issue upon the plea of not guilty. The defendant was accorded every right that he could have availed himself of under the most formal record entry of his plea. The only object of the plea was to make an issue. But the whole record attests that an issue was made. To disregard the trial then, and say there was nothing to try because without a plea there was no issue, and without an issue there could be no trial, would be to sacrifice the truth for a system of casuistry which was originally resorted to by the courts only

to avoid the bloody consequences of the enforcement of the criminal code of a prior century. The necessity for such niceties of reasoning has passed away.

The statute, moreover, prescribes that a judgment of conviction for a felony shall be reversed only for an error to the defendant's prejudice appearing upon the record. Mansf. Dig., sec. 2454. See too *Cline* v. *State*, 51 Ark., 145. The defendant has made no suggestion of any prejudice resulting from the failure to make a record entry of his plea, none appears upon the record, and we are unable to conceive that any exists. Knowing, doubtless, of the formal defect in the record, he has taken the chance of an acquittal which would have barred further prosecution. The conviction will have the same effect.

The industry of the attorney general and of the prosecuting attorney who appears with him in the cause has furnished several cases from other courts in point on the question at issue, in line with *Moore* v. *State*, 51 Ark., *supra*. The rule announced in that case is applicable in this. No other question is raised in the case. Let the judgment be affirmed.