NEW *v.* STATE.

Opinion delivered May 8, 1911.

1. TRIAL—CONDUCT OF TRIAL COURT.—The trial court may, in the interest of justice, ask questions that are calculated to elicit the truth, but should so frame the questions as not to indicate an opinion as to the merits. (Page 145.)

2. SCHOOLS—INSULTING TEACHER.—In a prosecution for insulting a teacher at his school in the presence of his pupils, it was not error for the court to ask a witness whether the teacher seemed to be offended or insulted by the conduct of the defendant. (Page 145.)

3. SAME—INSULTING TEACHER—INSTRUCTION.—It was not error, in a prosecution under Kirby's Digest, § 1653, for insulting a teacher in the presence of his pupils, to instruct that to insult means to offend or to make angry. (Page 145.)

4. SAME—INSULTING TEACHER—LANGUAGE USED.—Where the defendant is proved by undisputed evidence to have visited the school and insulted the teacher, it was not prejudicial error to permit a witness to testify that defendant used "vile, profane and abusive" language

toward the teacher, since, the punishment for the offense being fixed, the testimony could not have increased the punishment. (Page 146.)

5. SAME—INSULTING TEACHER—PROOF OF THREATS.—In a prosecution for visiting a school and insulting the teacher in the presence of the pupils, it was not error to permit witnesses to testify as to threats made at the time by defendant against the teacher and that he afterward carried the threats into execution, as such testimony tended to show defendant's disposition of mind at the time of the alleged insult. (Page 147.)

6. SAME—INSULTING TEACHER—EVIDENCE.—In a prosecution for visiting a school and insulting the teacher in presence of the pupils it was not error to exclude testimony as to what was told defendant by one of the pupils in reference to the teacher's conduct towards defendant's wife before defendant reached the school. (Page 147.)

Appeal from Sebastian Circuit Court Greenwood District; *Daniel Hon*, Judge; affirmed.

*Thomas B. Pryor*, for appellant.

1. · It is not the part of the trial court to assist the prosecuting attorney in developing a case for the State. The court may with propriety ask such questions as are necessary to make clear and explain any ambiguous, indefinite or uncertain statements made by a witness, but for the court to inject new matter into the examination of a witness, to bring out a new phase or to develop a new theory in the case, is not only improper but also contrary to the spirit and policy of the law. Moreover, the court's definition of the word "insult" was incorrect. 22 Cyc. 1379.

2. The court erred in admitting immaterial and incompetent testimony. Statements by witnesses that appellant "used vile, profane and abusive language" and that the appellant "used vile, profane, violent and insulting" language toward the prosecuting witness, were mere conclusions of the witnesses. They should have been required to state the words used. 33 Ark. 140; 137 Ala. 80; 34 So. 611.

3. It was error to admit in evidence the prosecuting witness's statement that "he threatened to whip me, and later on jumped on me and did so." Proof of the commission of a different crime from the one charged is not competent to prove the one charged. 39 Ark. 278; 37 Ark. 261; 38 Ark. 212; 45 Ark. 165-172; 60 Ark. 450; *Id*. 610; 52 Ark. 309; 72 Ark. 598.

4. The court erred in excluding testimony to show that the prosecuting witness struck defendant's wife and twice knocked her down. It was necessary for the jury to know all the facts, and it was appellant's right to place before them the true situation as it appeared to him. 33 Ark. 140; 34 Ark. 550; 50 Ark. 25; 48 Ill. App. 60.

*Hal L. Norwood*, Attorney General, and *William H. Rector*, Assistant, for appellee.

1. There was no impropriety in the questions asked by the court, nor in his remark after the objection by defendant's attorney. It is not only within the province of the trial court, but it is his duty, in the interest of justice, to ask such questions as may be necessary to bring before the jury the true facts in the case, so long as his questions are so worded as that they will not indicate an opinion on the merits of the case. The court's definition of "insult," while not full and complete, was substantially correct. 83 Va. 106. And the court's remark was not prejudicial. 83 Ark. 98; *Id.* 179; 82 Ark. 117; 60 Ark. 76; 71 Ark. 65.

2. The testimony of the witness Redwine and his wife as to the nature of the language used by appellant toward him was both material and competent. They knew whether or not the language used was insulting, violent or profane, and had the right to testify to the nature and character of the language used without being required to repeat it. Since appellant has not attempted to show that Redwine's construction of the language as "violent, abusive and insulting" is unreasonable, that construction should stand.

3. Redwine's testimony with reference to a threat and subsequent assault by appellant was properly admitted, not to prove commission of one offense by proof of the commission of another, but to show the state of mind of the defendant at the time of the offense charged. 87 Ark. 17.

4. The court properly excluded testimony on the part of appellant tending to show that Redwine had twice knocked down his, appellant's, wife. The law is that "if any parent, guardian or other person from *any* cause, *fancied* or *real*, visit any school and insult any teacher in the presence of his pupils, the person offending," etc. Kirby's Dig., § 1653.

WOOD, J. The appellant was convicted before a justice of the peace for a violation of section 1653 of Kirby's Digest, which provides:

"If any parent, guardian, or other person, from any cause, fancied or real, visit any school and insult any teacher in the presence of his pupils, the person offending by such conduct shall be liable to a fine of twenty-five dollars."

The affidavit for warrant of arrest charges that Joe New and Willie New, in said county of Sebastian, Greenwood District, did, on the 21st day of October, 1909, commit the offense of misdemeanor by then and there unlawfully assaulting, insulting and interrupting the teacher, L. M. Redwine, in the presence of his school at Jenny Lind. The warrant followed substantially the language of the affidavit. The facts are substantially as follows: L. M. Redwine was engaged in teaching a public school at Jenny Lind, Sebastian County, Greenwood District. He received on the 20th of October a very insulting note from appellant's wife. On the morning of the 21st of October he went to the school house and found appellant's wife there. She began to abuse him by using, as witnesses expressed it, "vile, profane and abusive language" toward and about him. While this was going on, appellant came up, wanted to know what all the trouble was about, and, turning to Redwine, said: "We'll have it." Thereupon he advanced upon Redwine, so the latter states, with a drawn knife, and invited him to come out of the school house and settle the difficulty. Redwine replied that he was not in the fighting business, and told appellant that if he did not go away he (Redwine) would have him arrested. To this appellant replied: "I'll see you later." He and his wife then went away. Appellant used profane, abusive and insulting language towards Redwine, and threatened to whip him, and later on did do so.

During the progress of the examination of one of the witnesses on behalf of appellee, the court asked the following questions: "Did New and Redwine seem to be angry? Did Redwine seem to be offended or insulted by the conduct of New?" The appellant objected to these questions. The court remarked that "the gist of the offense is whether Redwine was insulted or not; to insult means to offend or to make angry; you may

answer." Defendant excepted to the answer and the remark of the court. There was no error in the questions propounded by the court nor in the remarks made by the judge. The trial court, in the interest of justice, may, during the examination of a witness, ask questions that are calculated to elicit the truth concerning the subject-matter being investigated. It is his duty to do so. He should be careful, however, to so frame any questions that he may desire to ask in a manner not to indicate any opinion entertained by him as to the merits of the controversy. There was nothing in the questions propounded by the presiding judge calculated to prejudice the cause of appellant. On the contrary, the questions were pertinent to the issue, and were directed to eliciting a fact in the case which tended to show whether or not the conduct of appellant was calculated to and did insult the teacher in the presence of his pupils. In order to constitute the offense, it was necessary for the State to prove that the conduct of appellant was insulting to the teacher, and that this conduct was in the presence of his pupils. The remarks of the court were but tantamount to an instruction, and as such they were not error. Manifestations of anger as the result of opprobious language towards another is evidence that the party to whom the language is addressed has been insulted. "The term 'insult' necessarily involves malice, which commonly denotes ill-will, or an intention to injure, or to offend, or to wound the feelings of another." *Chaffin* v. *Lynch,* 83 Va. 106.

There was no prejudicial error in the court permitting the witnesses to characterize the language used by the appellant on the occasion as "vile, profane and abusive." Ordinarily, witnesses are not allowed to state their own conclusions as to what the language implies. They must give the language itself, and leave the conclusion to be drawn by the jury, but in this case the gravamen of the crime charged was the conduct of appellant towards the teacher in the presence of his pupils which was calculated to and did insult him and was also calculated to interrupt and disturb the good order and discipline of his school and to cause the teacher to lose the respect of his pupils. This the law intends to prohibit, not only for the protection of the teacher, but also for the good of the pupils of the school. The uncontradicted evidence shows that the appellant did visit the school, and

in the presence of the pupils thereof had a personal controversy with the teacher, and the language that the uncontradicted evidence shows was used was, of itself, sufficient to show the appellant guilty of the offense with which he was charged. The punishment for the offense is a fixed amount, and the particular words, whether "profane, vile and abusive" or not, as expressed by the witnesses, could not have had the effect to increase the punishment. The conduct of the appellant, aside from his language, was sufficient to justify the finding of the jury against him, even if he had not used words which, in their common acceptation, are vile, profane and abusive.

It was not error for the court to permit witnesses to testify as to the threats made by the appellant against Redwine, and that he afterwards carried such threats into execution, for this testimony tended to show the disposition of mind of appellant at the time of the alleged insult.

The court did not err in excluding testimony offered on behalf of the appellant as to what was told him by one of the students in reference to the conduct of the teacher towards appellant's wife before appellant reached the school house, for, under the law, appellant was not warranted in visiting the school to raise a disturbance with the teacher and to insult him in the presence of the pupils for any cause, either fancied or real.

We find no reversible error in the instructions of the court; in their language they conform substantially to the requirements of the statute.

Finding no error, the judgment is affirmed.