SHUFFIELD *v.* STATE.

## Opinion delivered December 15, 1919.

1. JURY—SELECTION OF TALESMEN BY SHERIFF.—Kirby's Digest, section 793, as amended by Acts 1917, page 1121, providing for the disqualification of sheriffs to serve process by an affidavit of prejudice, etc., filed by the accused, refers to the issuance of process in vacation, and has no reference to the conduct of a trial in the presence of the court, or to the selection of talesmen under the orders of the court.

2. JURY—DISQUALIFICATION OF SHERIFF—DISCRETION OF COURT.—After a criminal trial has begun, the disqualification of the sheriff to select talesmen by reason of bias or prejudice is a matter addressed to the discretion of the court.

3. JURY — DISQUALIFICATION OF SHERIFF TO SELECT TALESMEN. — Where accused's affidavit charged the sheriff with prejudice and bias, but no proof to support the charge was offered, the court did not abuse its discretion in refusing to disqualify the sheriff from selecting talesmen, although the sheriff was a witness at the trial and had watched accused's premises and arrested him for making intoxicating liquors.

4. INTOXICATING LIQUORS—EVIDENCE.—Evidence *held* to sustain conviction of manufacturing intoxicating liquors.

5. INTOXICATING LIQUORS—MANUFACTURE FOR USE AS BEVERAGE.—In a prosecution for unlawfully manufacturing intoxicating liquors, it is unnecessary to prove that the liquor was manufactured to be drunk as a beverage.

6. INTOXICATING LIQUORS—UNLAWFUL MANUFACTURE—INSTRUCTION.—An instruction that accused must be acquitted unless the evidence showed beyond a reasonable doubt that he had manufactured intoxicating liquors sufficiently advised the jury that the mere preparation for the manufacture of liquors would not sustain a conviction.

Appeal from Clark Circuit Court; *George R. Haynie,* Judge; affirmed.

*H. B. Means and T. N. Wilson,* for appellant; *Chas. Jacobson,* of counsel.

1. The sheriff was disqualified, and the coroner should have selected the talesmen, and the verdict is not supported by the evidence, as the liquors found were not spirituous or fermented within our statute. 203 S. W. 838.

2. The court erred in its instructions. 152 U. S. 570; 149 *Id.* 586; 74 S. E. 500.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. There was no error in overruling the motion to disqualify the sheriff. Kirby's Digest, section 793, as amended by 206, Acts 1917, is not mandatory, and under the law it was a matter for the clerk and not the court, and as the matter was presented to the court instead of the clerk he can not complain. But no prejudice resulted, as it is not shown that his challenges to jurors were exhausted.

2. The evidence is sufficient to support and sustain the verdict. The defendant's confession, coupled with the introduction of the whiskey itself to the jury, together with the testimony of officers that it smelled and tasted like whiskey, was enough.

3. The instructions cover the law of the case fully and fairly.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Clark Circuit Court for manufacturing spirituous or fermented liquors, and, as a punishment therefor, was adjudged and sentenced to serve one year in the State Penitentiary. From the judgment and sentence an appeal has been duly prosecuted to this court.

Appellant insists that reversible error was committed by the court in overruling his motion to disqualify the sheriff. During the empaneling of the jury, appellant filed a motion, in accordance with section 793 of Kirby's Digest, as amended by Act No. 206, Acts of 1917, to disqualify the sheriff from selecting talesmen from the bystanders, in accordance with an order of the court, and, because of such alleged disqualification, to permit the coroner to select said talesmen. The amended act referred to reads as follows:

"In all cases upon affidavit filed with the clerk of the circuit court, or any other court of record, of the partial-

ity, prejudice, or relationship of the sheriff or deputy sheriff of any county where suit is brought or to be brought, or shall have been commenced, or where such affidavit is filed by the defendant in any criminal prosecution, the clerk shall issue and direct all process to the coroner, who shall execute the same and discharge all duties in such criminal or civil prosecution or suit in the same manner that the sheriff could have done in like cases.'' This act clearly refers to the issuing of process in vacation, and has no reference whatever to the conduct of a trial in the presence of the court. After the beginning of a trial, the disqualification of the sheriff would be a matter addressed to the discretion of the court. The affidavit charges prejudice, partiality and bias as a ground to disqualify the sheriff. No proof was offered to support this charge. It is true the sheriff became a witness and testified that he watched appellant's premises and finally arrested him at the still, where appellant made certain damaging statements to him and the constable of the township; but this evidence was far from showing any prejudice, partiality or bias on the part of the sheriff toward appellant. Therefore, there was no abuse of discretion by the court in overruling the motion to disqualify the sheriff.

Appellant next contends that the evidence is not legally sufficient to support the verdict. The sheriff discovered a crude still about three hundred yards north of appellant's residence. There were two barrels near it that contained mash, which consisted of corn meal, or chops, and water mixed. There were a box and keg on the ground. After the discovery, he visited the still day and night for several days and found two-thirds of the mash had been used from Friday night to the following Sunday morning. On Saturday afternoon, the still was hot. On Sunday morning, appellant appeared on the scene and moved the keg and box. He then started to leave the still, and the sheriff arrested him. The sheriff testified that appellant admitted that he had made a little run, about a half gallon to three quarts, and that the

product was at his house in a tin bucket; that it was not very good, because it was not made at the right time; that it was sour, on account of his mash not being what it should be. The sheriff then sent appellant away with Mr. Dooley, the constable, and remained at the still. In about fifteen minutes, appellant's daughters came to the still, carrying split pine wood, and threw it down near the still. When they started to leave, the sheriff arrested them and took them to the place where Mr. Dooley was guarding appellant. The sheriff started to go back, at which time, he testified, he was told by appellant that no one else would come to the still, unless it was some of his own folks, in order to carry out his directions. The sheriff and Mr. Dooley then took appellant and his daughters to the residence and left them in the yard in charge of Mr. Dooley. The sheriff searched the house and found four or five gallons of the manufactured article in tin buckets, and carried it out in the yard, where a bucket containing a gallon and a half was intentionally kicked over by appellant. The sheriff then went to the still and got all the manufactured product he could find there, and poured all that he had procured at both places in a keg and brought it to Arkadelphia. According to the sheriff's and Mr. Dooley's evidence, the product smelled and looked like whiskey. A glass of it was exhibited to the jury at the trial.

Appellant's explanation, when on the witness stand, was that the still was the property of George Chaney; that George Chaney had made the stuff, and, upon finding that it was of no value, had brought it down and left it near his fence, and had given him the mash to feed his hogs. He denied that he had made any admissions in the presence of the sheriff and Mr. Dooley to the effect that he had made the stuff himself. Other evidence was adduced, tending to corroborate that part of appellant's testimony, to the effect that the still belonged to George Chaney, and that he had given the output to appellant because a poor product. We think there was sufficient legal evidence to sustain the verdict that the appellant,

at the time and place charged in the indictment, manufactured spirituous or fermented liquors.

Lastly, it is insisted that the court erred in refusing to instruct the jury that appellant could not be convicted unless the evidence showed that he had made liquor to be drunk as a beverage, and that it contained some per cent. of alcohol. We have examined the act under which appellant was indicted, and find no requirement therein to the effect that the liquor must have been manufactured to be drunk as a beverage before appellant could be convicted for manufacturing spirituous or fermented liquors. Therefore, instructions Nos. 3, 4 and 5, requested by appellant and refused by the court, embracing that idea, were properly refused. The jury were instructed, at the request of appellant and on the court's own motion, to the effect that, unless the evidence showed beyond a reasonable doubt that appellant manufactured the alcoholic, vinous, malt, spirituous and fermented liquors, they should acquit him. The jury must have understood from these instructions that it was necessary for appellant to actually manufacture such liquor before he would be amenable, and that a showing that he had merely made preparation for the manufacture thereof would not be a sufficient showing upon which to base a conviction.

No error appearing, the judgment is affirmed.