## TONG *v*. STATE.

### Opinion delivered November 2, 1925.

1. JURY—BIAS OF JURORS.—Where jurors in a liquor case disclosed that they were strongly prejudiced against those violating the law concerning the manufacture, sale or giving away of intoxicating liquors, but stated that they could and would, if selected on the jury, try the case according to the law and evidence and not allow such prejudice to influence them in making their verdict, they were not disqualified.

2. CRIMINAL LAW—SIMILAR CRIMES.—In a prosecution for unlawfully manufacturing intoxicating liquor, admission of the testimony of an officer as to accused having engaged in the business of manufacturing such liquor at other times was admissible as tending to throw light upon the issues.

3. WITNESSES—TEST OF CREDIBILITY.—For the purpose of testing the credibility of a witness, he may be questioned as to whether two persons living with him had not been shot in an attempted robbery, and whether witness had not had possession of stolen cattle.

4. INTOXICATING LIQUORS—SUFFICIENCY OF INDICTMENT.—An indictment for manufacturing intoxicating liquors is not defective in failing to allege that the liquors were manufactured for beverage purposes, as Crawford & Moses' Dig., § 6160, makes it unlawful to manufacture such liquor for any purpose.

5. CRIMINAL LAW—NECESSITY OF BILL OF EXCEPTIONS.—Where it is urged that the court erred in instructing the jury after they returned into court for further instructions, the facts relating thereto and the ruling of the court thereupon should have been set forth in the bill of exceptions.

6. CRIMINAL LAW—GENERAL OBJECTION TO INSTRUCTION.—General objection to an instruction not inherently erroneous is insufficient to call attention to particular phraseology claimed to be confusing and misleading.

7. INTOXICATING LIQUORS—SUFFICIENCY OF INDICTMENT.—An indictment with charges that defendants "did unlawfully and feloniously set up, own and operate a still, which was used and intended to be used in the manufacture and distilling of alcoholic spirits without having first registered the same with the proper United States officers," etc., substantially charges an offense within § 2 of act 324 of Acts of 1921.

8. INDICTMENT AND INFORMATION—DUPLICITY.—An indictment is not void for duplicity in joining the offenses of possessing a still and of manufacturing alcoholic liquors in one indictment where they were charged in separate counts, and the State elected to try each offense separately.

9. CRIMINAL LAW—ENTRY OF JUDGMENT.—Where the record shows a verdict finding accused guilty and fixing punishment and that a motion for new trial was overruled, that sentence was pronounced against accused, and an appeal granted and bond filed, but no formal judgment was entered, it was a sufficient compliance with Crawford & Moses' Dig., § 2129, to give the Supreme Court jurisdiction.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

*Gregory & Holtzendorff* and *Emmet Vaughan,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

WOOD, J. The indictment against the appellants, Tong and Donaho, contained two counts. The first count charged that the appellants "unlawfully and feloniously did manufacture and were interested in the manufacture of one pint of alcoholic liquor," and the second count charged that the appellants "unlawfully and feloniously did set up, own and operate a still, which was used and intended to be used in the manufacture and distilling of alcoholic liquors without first having the same registered with the proper United States officers." Each count charged that the respective offenses were committed in Prairie County, Arkansas, on the 20th day of February, 1925. There was a demurrer to the indictment, which was overruled. The appellants were placed on trial first on the charge contained in the first count of the indictment and were convicted on this count, and their punishment fixed

at one year in the State penitentiary. They were put on trial for the offense charged in the second count, and on motion of the district attorney, before the evidence was concluded, the charge was dismissed as to appellant' Donaho, who has also dismissed his appeal here. Appellant Tong was convicted on the second count, and his punishment fixed at one year's imprisonment in the State penitentiary. From these judgments they prosecute this appeal, and the cases may be disposed of here in one opinion.

We will dispose of the grounds urged for reversal in the order presented in the brief of appellants' counsel.

1. Counsel for appellants urge that the defendants were not tried by a fair and impartial jury; that certain jurors on their *voir dire* expressed a prejudice against the offense of which the appellants were convicted, and one of them expressed a prejudice against one of the appellant's attorneys, all of which proved that the jurors were not qualified to sit in the case. While the examination of the jurors on their *voir dire* disclosed that they were strongly prejudiced against those violating the law concerning the manufacture, sale, or giving away, etc., of intoxicating liquors, yet they each answered that they could and would, if selected on the jury, try the charge against the appellant according to the law and evidence; that they would not allow any prejudice they had against the violation of the liquor law to influence them in making their verdict; that they knew nothing of the facts of the particular case and had no personal prejudice against the appellant, and would not render a verdict against him unless the evidence proved him guilty. One of the jurors stated that he would not allow any feeling that he had against one of the appellant's attorneys to influence him in rendering his verdict.

Such was the effect of the examination of the jurors on their *voir dire,* and it brings the case squarely within the doctrine announced in *Eddy* v. *State,* 165 Ark. 289. The juror in that case on his *voir dire* stated that he could

go into the jury box and try the defendant according to the law and the evidence just as he could try him for any other crime, although he had said that he had a prejudice against the crime of selling whiskey. In that case we held the juror was not disqualified; and in the case of *Corley* v. *State,* 162 Ark. 178, we held that a juror's antipathy to the particular crime charged against the defendant is not a disqualification, where he stated he would not convict one so charged unless he was shown to be guilty by the testimony.

2. The next contention is that the court erred in admitting the testimony of Bingham as to what appellant Tong told him about making other whiskey. Bingham testified that he was the city marshal of DeValls Bluff and went with the sheriff to make the raid on appellant's premises. He was permitted, over the objection of appellant, to state that appellant said that most of the liquor they had sent out before went to Little Rock. Appellant received $2.00 a quart for it, and he would not sell less than five gallons to one man. This testimony tended to prove the kind of business appellant was engaged in. 10 R. C. L. p. 925. As is said in *Brown* v. *State,* 161 Ark. 253-255, "it tended to throw light upon the issue and was therefore admissible in evidence." See cases there cited.

3. Counsel contend that the court erred in permitting the witness Frank Tong to testify that the appellant Tong took care of a crap shooter who had been shot, and also in permitting the witness to answer questions as to some stolen cattle found in his possession. The witness Frank Tong testified on direct examination that he was the appellant's brother, and that he never knew of appellant engaging in the illicit manufacture of whiskey; that appellant was a farmer. On cross-examination witness was asked who the two boys were who were shot with reference to a negro crap game or something like that over on witness' place, and if these parties didn't live on the same place where witness lived, and if they didn't

get shot in an attempted hold-up, and if they didn't come back to the witness' place after they were shot, and whether or not witness' folks took care of them. The witness, over the objection of appellant, was likewise asked to tell the jury whether or not stolen cattle over there that belonged to a negro in Monroe County were not found in his possession, and whether or not the negro came and got them. When these questions were objected to, the district attorney announced that his purpose was to show the associations of the witness and for the purpose of testing his credibility, and the court, in permitting the questions to be propounded, announced that the examination would be permitted for that purpose. The testimony was competent as bearing on the credibility of the witness. *Hollingsworth* v. *State,* 53 Ark. 387-390; *Rhea* v. *State,* 104 Ark. 162-181; *Smith* v. *State,* 162 Ark. 458-61; *Turner* v. *State,* 155 Ark. 443. The testimony in regard to the possession of the stolen cattle by the witness was competent for the same purpose as testing the credibility of the witness, and the court in admitting it limited it to that purpose. See *Turner* v. *State, supra,* 448.

4. Counsel next contend that it is not a crime in this State to manufacture alcoholic liquors unless they are manufactured for beverage purposes. This contention is in the teeth of the statute and of our decisions. See § 6160, C. & M. Digest; *Suffield* v. *State,* 141 Ark. 276-280; *Saunders* v. *State,* 164 Ark. 491. The statute, in broad terms, makes it unlawful for any person to manufacture any alcoholic liquors within the State of Arkansas. There was, therefore, no error in overruling the demurrer to the indictment.

5. It is urged that the court erred in instructing the jury, when they returned for further instructions, that, if they convicted one of the defendants, they should convict both. The bill of exceptions does not show that the jury returned for further instructions, and that the court instructed them as set forth in this assignment of

error.   The 16th ground of appellant's motion for a new trial does assign the above as one of the errors of the trial court, but, as we have before stated, the motion for a new trial itself is not sufficient to show the alleged error. Such an occurrence, if it took place, and the ruling of the trial court thereon should have been set forth in the bill of exceptions.

6.   Counsel insist that the court erred in instructing the jury as follows: "It is not material that the defendant may have owned that distillery.   If he stood by assisting in the operation of it, or was present aiding, abetting, assenting or consenting to any one else operating it, then he would be guilty of the violation of the provisions of law that I read to you.   The charge he is required to meet here is the possession of the still to manufacture intoxicating liquors. Any act done in furtherance of converting the juices of the grain or the sugar into alcoholic liquors would constitute the manufacture of liquor under the law."   The above instruction was given in the trial of the appellants on the first count of the indictment.

The State had elected to try them only on that count, and counsel urged that the instruction was therefore misleading and prejudicial to the appellant. The instruction was not inherently erroneous, and the objection to the instruction by counsel was general. If counsel for appellant conceived that the instruction was confusing and calculated to mislead the jury, as they now contend, they should have made specific objection at the trial calling attention to the particular phraseology claimed by them to be misleading.   The instruction, taken as a whole, shows clearly that the court had in mind the manufacture of alcoholic liquors and was stating in effect that, if the appellant had in his possession the still for the purpose of manufacturing liquor and stood by assisting in the operation of such still, or aided, abetted or consented to the operation of it by any one else, any act thus done by them in the converting of the juices of the grain or sugar into alcoholic liquor would constitute the man-

ufacture of such liquor under the law. The second paragraph of the instruction shows that the court was dealing with the issue as to whether or not the appellant had manufactured alcoholic liquors as charged in the first count of the indictment. In *Abston* v. *State,* 154 Ark. 59, we held that a general objection was not sufficient to call attention of the trial court to particular phraseology in instructions claimed to be confusing and misleading where the instruction was not inherently defective, and that under such general objection we could not review the ruling of the trial court in the giving of the instruction there complained of. So here.

7. Counsel for appellant next contend that these cases should be reversed because the record does not show that the trial jury was sworn. Section 3170, C. & M. Digest, requires that the jury in the trial of each criminal case shall be sworn to well and truly try the case and a true verdict render unless it is discharged by the court or withdrawn by the parties. In *Childs* v. *State,* 45 Ark. 143, this court held that the above requirements of the statute must be complied with, and that the fact that the jury was sworn must be shown by the record proper; that it cannot be shown by the bill of exceptions. See also *Greenwood* v. *State,* 17 Ark. 332; *Clendenning* v. *State,* 154 Ark. 596.

In the original transcript of the record there was no showing that the jury was sworn except by the bill of exceptions; but on application of the State the cause was continued to give the State an opportunity to correct the record, and on application to the trial court the record was corrected by *nunc pro tunc* entry thereon to show that the jury trying the causes was duly sworn. The record thus corrected by the trial court has been brought into the transcript of the record here by certiorari. The appellant contends that the court erred in making this *nunc pro tunc* entry, but we are convinced, upon an examination of the testimony taken before the trial court on that issue, that the judgment of the court

was correct. The evidence was sufficient to sustain the finding of the court that the jury was duly sworn.

8. The appellant Tong insists that the second count of the indictment upon which he was convicted was demurrable in that it did not charge that the appellants had in their possession a still for the manufacture of distilled spirits for beverage purposes, and further that this count of the indictment was demurrable because it charged both the offense of setting up a still and of possessing a still, and further that the indictment was demurrable because this count of the indictment could not be joined in an indictment for manufacturing alcoholic liquors. None of these assignments are well taken. The language of the second count of the indictment charged that the appellants "did unlawfully and feloniously set up, own and operate a still, which was used and intended to be used in the manufacture and distilling of alcoholic spirits without first having registered the same with the proper United States officers, etc."

This language shows that it was predicated upon § 2 of act 324 of the Acts of 1921. It follows substantially the language of that section, and charges that appellants unlawfully and feloniously did set up, own and operate a still without registering the same, etc. True, the language of the indictment specifies that the appellants did set up, own and operate a still, which was used and intended to be used in the manufacture and distilling of alcoholic liquors. These last words of the indictment were evidently intended to set forth that the appellants possessed the still for the purpose of using the same as a distillery. But the appellant was specifically charged with the crime of possessing a still without registering the same, as we have shown, contrary to the provisions of § 2, act 324, of the Acts of 1921. The instructions of the court clearly show that Tong was put on trial alone for this alleged offense. The fact that the indictment further in the second count specified that the still possessed by the appellants was used and intended

to be used in the manufacture and distilling of alcoholic liquors did not vitiate the indictment. These words might be treated as surplusage in an indictment where the charge is, as here, in the second count for the keeping of a still without registering the same. *Earl* v. *State,* 155 Ark. 286; *Hodgkiss* v. *State,* 156 Ark. 340-344.

9. The contention of appellant Tong that the indictment is void for duplicity because it joins the two offenses of possessing a still and manufacturing alcoholic liquors in the same indictment cannot be sustained for the reason that, even if two non-joinable offenses were charged in one indictment, they were charged in separate counts and the State elected to try separately on each count. The appellant Tong, therefore, was not prejudiced because two offenses were joined in the same indictment.

10. The appellant contends that the court here is without jurisdiction because no final judgment had been entered against the appellant. The record shows that the verdict of the jury was rendered finding the appellant guilty and fixing his punishment at imprisonment in the State penitentiary for one year; that the motion for new trial was overruled; that appellant moved to arrest the judgment and that sentence was pronounced against the appellant; that an appeal was prayed for and granted and an appeal bond filed and approved and the appellant released from custody. While the record does not show a formal judgment entry and is not to be approved as a precedent, yet, taken as a whole, it is tantamount to a judgment sentencing the appellant to the penitentiary for a period of one year on the verdict, from which he prosecutes an appeal, and is a sufficient compliance with § 2129 of C. & M. Digest to give this court jurisdiction.

11. There was testimony sufficient to sustain the verdict, and the instructions of the court were free from error. The judgments are therefore affirmed.