WOOLEM *v.* STATE.

Opinion delivered September 30, 1929.

*Isaac McClellan,* for appellant.

*Hal L. Norwood,* Attorney General, and *Walter L. Pope,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the circuit court of Grant County for possessing a still, on the 3d day of February, 1929, and, as a punishment for the commission of the crime, was adjudged to serve a term of one year in the State Penitentiary, from which judgment he has duly prosecuted an appeal to this court.

Appellant assigns as reversible error admission by the trial court of testimony on the trial of the cause obtained by officers of the law in searching his dwelling-house on the 2d day of February, 1929, without a legal search warrant. The testimony admitted by the court, over the objection and exception of appellant, was that of the sheriff and his deputies, to the effect that they made a search of appellant's home on the 2d day of February, 1929, and found a lot of fruit jars, about two dozen jugs, one barrel containing a little mash, a rubber hose three feet long in the house, two sacks of sugar in the loft, six empty barrels in the barn under the hay, a five-gallon keg, and a funnel; and that next morning, in searching the premises, they found a still, worm and other fixtures, making a complete still, hidden under a brushpile in appellant's field, about one hundred and

fifty yards back of the house. The search warrant bore date of February 5, 1929, and authorized the search of appellant's house or premises for stolen or embezzled property. The return made by the sheriff on the back of the warrant on the 6th day of February, 1929, stated that same was executed on the 2d day of February, 1929, by searching appellant's house, with results stated above.

Appellant argues that the warrant on its face post-dated the search, necessarily showing that same was issued after the search was made; that it was not supported by an affidavit, and that it authorized a search for stolen or embezzled property and not for stills and paraphernalia used in connection therewith, and that for these reasons and other defects appearing on its face the warrant was illegal and of no effect.

Even though the warrant were illegally issued and void, evidence discovered by the search, tending to show appellant's guilt, was admissible under the rule announced by this court in *Starchman* v. *State,* 62 Ark. 538, 36 S. W. 910, and reiterated and adhered to in the cases of *Benson* v. *State,* 149 Ark. 633, 233 S. W. 758; *Van Hook* v. *Helena,* 170 Ark. 1083, 282 S. W. 673; *Knight* v. *State,* 171 Ark. 882, 286 S. W. 1013; *Milton* v. *Fort Smith,* 175 Ark. 694, 1 S. W. (2d) 45. Under the doctrine of all of these cases the admissibility of such evidence is not affected, by the fact that the search warrant was illegally issued, or the officers making the search had no warrant at all, and were trespassers.

Appellant also assigns as reversible error the action of the trial court in excluding testimony offered by appellants to the effect that Robert McGuire had been convicted several times for liquor violations. Appellant denied the ownership of the still, and testified that he believed Robert McGuire, who resided upon the farm, owned the still, and offered the excluded testimony as a circumstance in support of his belief. One may possess a still in violation of the law without being the owner

thereof, so the testimony was not pertinent to the issue, and was properly excluded.

No error appearing, the judgment is affirmed.