CLUBB v. STATE.

4920                                   326 S. W. 2d 816

Opinion delivered May 25, 1959.

*Gene E. Bradley* and *Claude F. Cooper,* for appellant.

*Bruce Bennett, Atty. General,* by *Thorp Thomas, Asst. Atty. General,* for appellee.

PAUL WARD, Associate Justice.   Appellant, William Mansker Clubb, was convicted of burglary and grand larceny and sentenced to 15 years in the penitentiary on each conviction.

Sometime during the evening of August 3, 1957, the Rosebud Store and post office (in the same building) were broken into. The next morning it was discovered

that about $600 was missing from the store safe and that from the post office there was missing $155.29, 44 blank money order forms, a cancellation stamp, a validating stamp, and 1,500 two-cent stamps. About 5 days later appellant was apprehended at Bull Shoals Lake by a State Trooper who found a variety of burglary tools in a truck which was in the possession of appellant and his wife. Some days later the officers searched his trailer and found the missing money orders, the cancellation stamp, the validating stamp, 1,000 two-cent stamps and about $570 in bills. Numerous guns were also found in the trailer.

Appellant designates 70 assignments of error in his Motion for a New Trial and sets out 11 points in his brief upon which he relies for a reversal. Many of these alleged errors are cumulative and it would only lead to confusion to attempt to discuss each point separately.

1. No specific contention is made as to the sufficiency of the evidence to sustain a conviction, but it is insisted that certain incompetent testimony was admitted. We think it made no material difference that appellant did not actually own the truck in which the burglary tools were found, since it was shown that the truck was in his possession and under his control at the time. It was not denied that appellant's wife had the keys and turned them over to the officer.

2. Appellant complains of certain questions directed to the jury on *voir dire* by the prosecuting attorney, and complains of the trial court's refusal to dismiss two jurors for cause. We have carefully examined the record relative to the challenged questions and find in each instance that they were either not prejudicial, not properly objected to, or that the objection was sustained. In no instance do we find reversible error.

3. We do not agree with appellant that the cause should be reversed because appellee was arrested without a warrant. Ark. Stats. Sec. 43-403 authorizes a peace officer to make an arrest without a warrant "where he has reasonable grounds for believing that the

person arrested has committed a felony." In this case the arresting officer testified that he had such belief. Also, there was testimony to the effect that there was an outstanding warrant for appellant's arrest issued previously by the United States Marshal at East St. Louis.

Nor do we agree with the contention that the failure to arraign appellant in accordance with Ark. Stats. Sec. 43-601 constitutes reversible error. When he was placed on trial on a plea of not guilty without objection, arraignment was waived. See: *Ransom* v. *State,* 49 Ark. 176, 4 S. W. 658; *Moore* v. *State,* 51 Ark. 130, 10 S. W. 22, and: *Hayden* v. *State,* 55 Ark. 342, 18 S. W. 239.

4. Appellant sets out several instances where it is contended the trial court improperly commented on the weight of the evidence, but we find no reversible error is disclosed. Once the court, in trying to decide how to rule on a certain objection, asked the witness this question: "Did you say one print of one thumb is smudged to some extent but the other thumb print was clear?" The witness answered: "That is correct." Not only does the question appear proper but necessary under the circumstances. Moreover, a trial court has some discretion in such instances in the interest of justice where no prejudice appears. See: *New* v. *State,* 99 Ark. 142, 137 S. W. 564.

5. It was developed on examination of the prospective jurors that two men held honorary deputy sheriff badges, and the court refused to excuse them for cause. In doing so we think the court committed no reversible error. Both men stated they merely considered the cards as a token of courtesy and a means of identification, that they did not consider themselves deputy sheriffs, that they would not be influenced one way or the other, and that they could give both sides a fair and impartial trial and would base their verdict on the law and the evidence. In the absence of any showing of prejudice, we think both jurors were qualified under the former decisions of this court. See: *Tong* v. *State,* 169 Ark. 708, 276 S. W. 1004.

6. One witness who had remained in the courtroom in violation of the exclusion rule was allowed to testify over the objection and exception of the appellant, and this is assigned as reversible error. We do not think it is error under the facts disclosed by the record. It was not shown that the witness had heard the previous testimony. He did say that he had been out of the courtroom some and that he did not know he was to be a witness when the exclusion rule was announced. Moreover, the trial court had some latitude of discretion in such matters, and we think he did not abuse it in this instance. See: *Harris* v. *State*, 171 Ark. 658, 285 S. W. 367.

7. The question which gave us much concern relates to the charge of violating the Habitual Criminal Act, Ark. Stats. Sec. 42-2328, *et seq*. The information charged appellant not only with burglary and grand larceny but with a violation of the above sections of the statutes. At the beginning of the trial appellant asked the trial court to strike the questioned portion of the information. The refusal of the court to strike is assigned as reversible error.

It is appellant's contentions that: (a) the record of a former conviction in the Federal Court did not disclose an offense recognizable in this state, (b) that the record was not properly authenticated, and (c) the evidence relevant thereto was prejudicial. It is our view, however, that no reversible error is shown.

Without going into the merits of contentions (a) and (b) above, we think the trial court properly refused to strike at that time since it had a right and a duty to give the State an opportunity to prove a former conviction. In the case of *Rowe* v. *State,* 224 Ark. 671 (at page 674), 275 S. W. 2d 887, where a similar question was involved, the court said: ''The information charged that Rowe was an habitual criminal.'' ''Although the defendant was not convicted under the habitual criminal count, the accusation permitted introduction of evidence responsive to the charge, hence no error can be predicated upon its consideration.'' In the case before us

the jury did not convict appellant for violating the Habitual Criminal Act, hence no error.

8. We have purposely reserved until the last one of the grounds upon which appellant relies for a reversal. As before stated, when the officers searched appellant's trailer, numerous articles such as stamps, money orders and guns were found therein. It is insisted that the disclosure thus obtained was not admissible in evidence for the reason that no search warrant was first obtained. The absence of a search warrant would be immaterial if we should choose to follow former decisions of this court. See: *Venable* v. *State,* 156 Ark. 564, 246 S. W. 860, and *Woolem* v. *State,* 179 Ark. 1119, 20 S. W. 2d 185. However, for reasons hereafter stated, we prefer not to rely on the rule announced in the cited cases since it is not necessary in order to reach the same result in this case. The record reflects that a search warrant was obtained before the trailer was searched, and it is not shown that such warrant was unlawfully procured. Therefore, appellant's objection to the competency of the said evidence on the ground relied on cannot be sustained.

The right to be secure against unreasonable searches is guaranteed by Art. 2, Sec. 15 of our Constitution and also, in essentially the same language, by the 4th Amendment to the United States Constitution, yet our Court has followed a rule at variance with the Federal rule regarding the admissibility of evidence obtained by search without a warrant. After careful consideration we have concluded that we will re-examine our former decisions in this connection with a view to changing our announced rule when the question is properly presented to us again.

We think it would unduly extend this opinion without useful purpose to discuss all the assignments heretofore mentioned. We have carefully examined all of the assignments and find them untenable because no proper

exceptions were saved or because the alleged errors were cured by the court's cautionary admonitions.

Affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Associate Justice (Concurring).

I concur in the result reached in this case, but desire to make some comments about one sentence in the opinion. In next to the last paragraph of the majority opinion, there is this sentence: "After careful consideration we have concluded that we will re-examine our former decisions in this connection with a view to changing our announced rule when the question is properly presented to us again."

I think it is entirely proper that the Court should give a *caveat* to the Bench and Bar whenever we are about to re-examine our holdings on any point. But a hasty reading of the quoted sentence in the majority opinion might cause someone to think that we had definitely decided to change our former holdings. Such is not my understanding. I, for one, agree to re-examine the holdings; but I want it understood that I am not yet certain what my views will be on such re-examination. I may decide to stay with our own Arkansas cases rather than to follow the Supreme Court of the United States. For this reason, I concur.