1040

.Fletcher WASHINGTON, Zachery WARD,
Herman HAMPTON *v*. STATE of Arkansas

CA CR 79-58                               594 S.W. 2d 29

Opinion delivered January 16, 1980
Released for publication February 6, 1980

*Jimmy R. Burton*, for appellants.

*Steve Clark*, Atty. Gen., by: *Robert J. De Gostin, Jr.*, Asst. Atty. Gen., for appellee.

JAMES H. PILKINTON, Judge. Appellants are charged with the crime of rape of Sheila McKinney, a 14 year old girl, on the grounds of the Jonesboro High School.

On September 29, 1978, Sheila went to a football game in Jonesboro. During the half-time intermission, appellant Zachery Ward approached Sheila. She says he told her that her brother had come to take her home. In any event, the two left the stadium, walked out the front gate, went toward the front of the gym and other buildings on the campus to a point, according to the girl, where her brother was supposed to be waiting. Fletcher (Pete) Washington and Herman Hampton followed them. Washington and Hampton caught up with the girl and Ward and joined them. Then, according to Sheila, the three young men grabbed her and forced her under a stair well of a building. The state's claim is that Washington, Ward and Hampton forcibly raped Sheila McKinney under the stair well.

On the morning of October 9, 1978, and before any charges had been filed or arrests made, the three young men accompanied by their parents, went to the office of Robert Nelms, a juvenile officer, in the Craighead County Courthouse. They asked Nelms to assist them in having a polygraph examination administered. In the presence of Deputy Sheriff George Stewart, Mr. Nelms says he read the Miranda warning to the young men and to their parents. Ac-

cording to Nelms, after receiving assurances that appellants and their parents fully understood their constitutional rights, Nelms allowed each appellant, along with a parent of each, to sign the consent forms for the polygraph examination.

Each young man then individually went upstairs, in the same building, to the office of Deputy Sheriff George Stewart. There they made statements incriminating themselves in the rape of Sheila McKinney.

On October 17, 1978, an Information was filed charging each appellant with Rape in violation of Ark. Stat. Ann. § 41-1803 (Repl. 1977). Prior to the trial, preliminary motions were heard and the court ruled that the results of the polygraph examination, or any reference thereto, would not be admissible. Motions for severance were denied.

On February 8, 1979, appellants were tried before a jury in Craighead County Circuit Court. The state produced evidence that Fletcher (Pete) Washington, Zachery Ward and Herman Hampton forcibly raped Sheila McKinney. The defendants introduced evidence that they tried to have sexual intercourse with the girl, but not by force.

After instructions, argument and jury deliberations, the jury returned a verdict finding defendants guilty as charged and fixing a punishment of 15 years for each. Judgment was entered on the verdict and the trial court sentenced each appellant to 15 years in the Department of Corrections.

On appeal from their convictions, appellants have raised four issues seeking reversal. Each defendant had a separate attorney. Some of the points are raised by all appellants, and we have carefully considered each argument. However, in order to prevent repetition, we will discuss each point only once in this opinion.

I.

Appellants Washington, Ward and Hampton each claim on appeal that the trial court committed error by failing to suppress incriminating statements made by them to Deputy Sheriff George Stewart in preparation for and during a

polygraph examination. We find no merit in this argument. Appellants all voluntarily requested the examination. It was only the *result* of the test that was inadmissible. Statements made prior to, and in preparation for, a polygraph test, which the accused has voluntarily agreed to take, would not be involuntary for that reason, if otherwise voluntary. The fact that the statements were so made would only be one factor to be considered on the question of voluntariness. *Gardner* v. *State*, 263 Ark. 739, 569 S.W. 2d 74 (1978).

In each case we make an independent determination based upon the totality of the circumstances, and the trial court's finding of voluntariness will not be set aside unless it is clearly against the preponderance of the evidence. *Degler* v. *State*, 257 Ark. 388, 517 S.W. 2d 515 (1975). Appellants say that the statements they gave were confessions and, under *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), the state bears the burden of showing that the confessions were made after a voluntary, knowing and intelligent waiver of the right to remain silent, before they can be admitted into evidence. Even so, after an examination of all the circumstances surrounding the appellants' statements in this case, we cannot say that the trial court's finding of voluntariness is clearly against the preponderance of the evidence.

The interrogation in this case was not custodial. Here the appellants voluntarily appeared to make the statements. Prior to that time, no charge had been filed against them, and they were free to come and go as they pleased. Their parents were present with them at the courthouse. Statements which do not result from in-custody interrogation are not barred. *Johnson* v. *State*, 252 Ark. 1113, 482 S.W. 2d 600 (1972). In any event, appellants and their parents were adequately placed on notice when the *Miranda* rights were explained to them. The evidence reflects no coercive interrogation of the appellants. The record shows that Washington and Hampton were sixteen, and Ward was fifteen. Although the youth of the maker is an important factor to be considered, our courts have never held that youth alone is a sufficient basis for exclusion of an incriminating statement, even when given without the advice of parent or counsel. *Little* v. *State*, 261

Ark. 859, 554 S.W. 2d 312 (1977). In the case before us all appellants and their parents were given an explanation of constitutional rights; and appellants had ample opportunity to confer with parents concerning their constitutional rights and concerning the decision to waive those rights. Only then did the appellants and their parents sign the rights waiver forms, and the consent to polygraph forms.

The Arkansas Supreme Court has held that neither limited education, nor diminished mental capacity will negate a voluntary confession. *Callaway* v. *State*, 258 Ark. 352, 524 S.W. 2d 617 (1975), *Sheppard* v. *State*, 239 Ark. 785, 394 S.W. 2d 624 (1965), cert. denied 387 U.S. 923. In the case before us, the evidence reflects that appellants were tenth grade students of average intelligence who were capable of knowing, understanding and appreciating their rights. At the close of the *Denno* hearing, the trial court made the following specific findings:

> I very carefully observed each of these defendants throughout the course of this two-day hearing, both on the stand and off the stand. They appear, each of them, to be normally intelligent, reasonably informed for minors of their age.

## II.

Appellant Washington, in his point II, alleges reversible error in the trial court's questioning of witness Stewart. Appellants Ward and Hampton, in their point II, claim error in the court's questioning of witnesses McKinney, Turnage and Stewart. However, appellants, in their brief, merely show that the trial court questioned some of these witnesses. There is no showing of how or in what manner that questioning acted as a comment on the evidence.

It is well established that a trial court may, in the interest of justice, direct questions to a witness calculated to elicit the truth about subject matter being investigated, provided they are carefully framed in a manner not indicating any opinion on the merits of the controversy. The trial court has some discretion in examining witnesses to clarify their testimony, and when no prejudice appears there is no abuse of that

discretion. *Miller* v. *State*, 250 Ark. 199, 464 S.W. 2d 594; *Clubb* v. *State*, 230 Ark. 688, 326 S.W. 2d 816; *New* v. *State*, 99 Ark. 142, 137 S.W. 2d 564.

The record before us does not indicate that the trial court abused its discretion in questioning the witnesses. It appears to have been done in order to clarify their testimony. The questioning by the trial court here did not constitute a comment on the evidence, and did not reflect on the credibility of the witnesses concerned. We fail to see how appellants could have been prejudiced in any way by the action of the court in this regard. Therefore, we find no merit in this argument.

## III.

Appellants Washington and Hampton, in their point III, contend the trial court committed reversible error in denying their motions for mistrial. Appellant Ward did not move for mistrial and his attorney does not raise this issue on appeal. The court had carefully ordered the state's attorneys, and all the three defense attorneys, to admonish all witnesses and clients not to make any reference to the fact that a polygraph test was given to Sheila McKinney, Fletcher Washington, Zachery Ward or Herman Hampton, or to mention in any way the results of any polygraph test. The defendant Zachary Ward, having been called to testify in his own behalf, was asked on cross-examination, "You did talk to Mr. George Stewart, make a statement to Mr. George Stewart?" The witness responded that he didn't know, "Who was George Stewart?" The prosecutor replied in essence that Stewart was the witness who testified this morning in this matter, to which Ward then responded, "Yes, that is the man that gave the polygraph test." Washington and Hampton then moved for a mistrial. They claimed below, and renew their contention on appeal, that they had nothing to do with appellant Ward's voluntary statement concerning the polygraph examination and that they, therefore, were entitled to a mistrial because of codefendant's remark. The *results* of the polygraph examination were not mentioned. The one remark by Ward was the only time anything was said about the polygraph examina-

tion before the jury. Following that incident, and in the absence of the jury, Ward's attorney requested and obtained permission to again admonish his client to make no further reference, and did so. After the court denied the motion for mistrial, the attorney for Ward made a Motion in Limine which was granted. All counsel, both for the state and defense were instructed by the court not to make any reference by way of argument, statements, questions, side remarks, or in any other way make reference to the statement made by witness Zachary Ward referring to a polygraph.

Zachary Ward did not indicate that appellants Washington and Hampton had in fact taken a polygraph test or the results of any such examination. Washington and Hampton were not prejudiced by Ward's remark. The trial court offered to admonish the jury which offer was refused. An admonition would certainly have removed any prejudice which may have existed. *Limber* v. *State*, 264 Ark. 479, 572 S.W. 2d 402 (1978); *Scott* v. *State*, 263 Ark. 669, 566 S.W. 2d 737 (1978). Declaring a mistrial is an extreme and drastic remedy which should be resorted to only where there has been an error so prejudicial that justice could not be served by continuing the trial. *Chaviers* v. *State,* 267 Ark. 6, at 11, 588 S.W. 2d 434 (1979). The circumstances in the case before us do not afford any basis for our saying that the trial judge abused his discretion in denying this motion for mistrial.

## IV.

Appellant Washington contends he was entitled to a separate trial, and that the trial court erred in failing to sever his trial from that of his co-defendants.

Although conceding that the trial court complied with Rule 22.3(a)(ii) of the Arkansas Rules of Criminal Procedure, Washington argues that the nature of the evidence presented at the trial was such as to preclude any inference other than that one of the unidentified persons in the confession of Ward and Hampton was in fact Washington.

A matter of severance is one within the sound discretion of the trial judge to grant or deny. We will not reverse such a

decision unless that discretion is abused. *Hallman & Martin v. State*, 264 Ark. 900, 575 S.W. 2d 688 (1979). *Legg* v. *State*, 262 Ark. 583, 559 S.W. 2d 22 (1977). We find no such abuse. The trial court denied appellant Washington's motion for severance, ruling that each confession would be allowed into evidence only against the defendant giving the statement and that any reference to the other defendants by name would be excluded. The trial court also warned that failure to exclude those references would result in ''an almost automatic mistrial.'' The instructions of the court were followed.

The defense of these appellants was not antagonistic. All of the defendants testified and cross-examination was permitted the appellant Washington to refute any adverse testimony to his cause. *Bell and Walker* v. *State*, 258 Ark. 976, 530 S.W. 2d 662 (1975).

It should be noted also that Washington did not renew his pretrial motion for severance at the trial.

Affirmed.