Boswell *v.* City of Russellville.

5-325                    265 S. W. 2d 533

Opinion delivered March 8, 1954.

*J. H. A. Baker,* for appellant.

*James K. Young,* for appellee.

George Rose Smith, J.   In 1951 the city of Russellville, pursuant to Act 132 of 1933 (Ark. Stats. 1947, §§ 19-4101 *et seq.*), issued revenue bonds for the purpose of improving its sewer system.   This is a suit brought by the city to collect delinquent sewer assessments.   The appellants, defendants below, filed an answer and cross-complaint, to which a demurrer was sustained.   The only question before us is whether the chancellor's ruling upon the demurrer was correct.

We think the chancellor was right.   The appellants' principal defense is that the city's revenue bonds were not issued in compliance with the procedural requirements of Amendment 13 to the Constitution.   The answer is that the 1951 ordinance was not adopted under the authority of that amendment, which permits the levy of a property tax for the payment of various municipal bonds.   Here the city proceeded under Act 132 of 1933, which authorizes the issuance of bonds secured not by a property tax but by revenues derived from the sewer system.   The constitutionality of Act 132 was upheld in *Jernigan* v. *Harris,* 187 Ark. 705, 62 S. W. 2d 5.   It is

immaterial that the ordinance was not passed in compliance with Amendment 13, since the city was not exercising the power conferred by that amendment.

The appellants also assert in their answer and cross-complaint that the promoters of the 1951 sewer ordinance misled the voters by false newspaper advertising concerning the way in which the proceeds of the bond issue would be spent. Even if we assume that this contention would have merit in a direct contest of the election, it is plainly not a jurisdictional matter and therefore cannot form the basis for a collateral attack, as this one is.

Affirmed.