Delano COTTON *v.* CITY OF FAYETTEVILLE,
ARKANSAS; Charles RAGLAND, Commissioner of
Revenues of the State of Arkansas; and
Steve CLARK, Attorney General of the
State of Arkansas

84-250 682 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered December 21, 1984
[Rehearing denied January 28, 1985.*]

*Gary Carson,* for appellant.

*Timothy J. Leathers, Joseph V. Svoboda, Kelly S.*

*Hays, J., would grant rehearing.

*Jennings, John H. Theis, Joe Morphew, and Michael D. Munns,* by: *Wayne Zakrezewski* and *Ann Kell,* for appellee, Ragland.

*James McCord,* City Att'y; and *Rose Law Firm, A Professional Association,* by: *George E. Campbell, H. Watt Gregory, III* and *David L. Williams,* for appellee, City of Fayetteville.

ROBERT H. DUDLEY, Justice. The City of Fayetteville proposed to issue $25,000,000.00 in municipal bonds to finance improvements to its wastewater treatment plant and to retire some outstanding bonds which it had previously issued. The city intends to repay the bonds with the proceeds of a one percent local sales and use tax and from revenue collected from the wastewater system. The sales and use tax would be the principal source of repayment. At a special election the voters approved the adoption of the tax, the issuance of the bonds, the pledge of the proceeds from the tax to repay the bonds, and the use of the bond proceeds to finance the improvements. Collection of the local sales and use tax commenced on November 1, 1983. The city intends to pay a rate of interest greater than six percent per year.

The appellant, a citizen and taxpayer, filed a class action challenging the validity of the proposed bond issue and the legality of the use tax. The case was submitted to the chancellor on a stipulation of facts and cross motions for summary judgment. The chancellor upheld the proposed bond issue and the use tax. We reverse. Jurisidction to interpret the constitution is in his court. Rule 29 (1)(a).

The Constitution of Arkansas provides that neither the state nor counties or cites shall ever lend their credit, nor shall cities or counties ever issue interest-bearing bonds unless five requirements are met. The five requirements are:

(1) that the taxpayers vote on the issuance of the bonds, the pledge of the proceeds and the use of the bond proceeds;

(2) that the bond proceeds be for a public project;

(3) that the bond bear no greater rate of interest than six

percent per year;

(4) that the bonds be issued for no longer period of time than thirty-five years;

(5) that the bonds be paid by a special property tax not to exceed five mills.

Article 16, Section 1, as amended by Amendment 13.

In 1932 this court created an exception to the constitutional requirements. We held that a city could issue bonds to be paid entirely from revenues, without elective approval, to purchase a water and light plant. *McCutchen* v. *Siloam Springs,* 185 Ark. 846, 49 S.W.2d 1037 (1932).

In the landmark case delineating the exception to Amendment 13, *Snodgrass* v. *Pocahontas,* 189 Ark. 819, 75 S.W.2d 223 (1934), we stated that *compliance with the constitutional provisions was required if the bonded indebtedness for the municipal improvement would place any burden on the taxpayer, but compliance was not required if the bonded indebtedness was to be repaid solely by revenues from the improvement.* We have never abandoned the exception. *McCutchen* v. *Siloam Springs,* 185 Ark. 846, 49 S.W.2d 1037 (1932); *Jernigan* v. *Harris,* 187 Ark. 705, 62 S.W.2d 5 (1933); *Hogue* v. *The Housing Authority of North Little Rock,* 201 Ark. 263, 144 S.W.2d 49 (1940); and *Boswell* v. *City of Russellville,* 223 Ark. 284, 265 S.W.2d 533 (1954). *Purvis* v. *Hubbell, Mayor,* 273 Ark. 284, 620 S.W.2d 282 (1981). The week after *Snodgrass* was handed down we expanded the exception of "revenues from the improvements witout any burden on the taxpayer" in the consolidated cases of *Johnson* v. *Dermott* and *Parker* v. *Little Rock,* 189 Ark. 830, 75 S.W.2d 243 (1934). In the *Dermott* case, we approved a pledge of revenues from the municipal waterworks system to pay a bonded indebtedness incurred to build a municipal hospital, without an election. In the *Little Rock* case, also without an election, we held that an indebtedness for a municipal airfield could be paid out of revenues from the airport and in a significant move held that, in the event the airport revenues were insufficient to retire the indebtedness, the city could pay the bonds out of its general fund.

In *City of Harrison* v. *Braswell*, 209 Ark. 1094, 194 S.W.2d 12 (1946), we held that even though the city's water and sewer system were technically separate, a surplus in one system might be applied to the retirement of the bonds of the other.

The revenue bond exception was then expanded further in *Purvis* v. *Hubbell, Mayor,* supra. There, in addition to revenues from a convention center, high-rise parking deck and hotel complex, the City of Little Rock pledged funds which would be derived from a special two percent sales tax and also pledged funds from any increase in state turnback from the state sales tax revenues. When we decided *Purvis* v. *Hubbell, Mayor, supra,* we recognized that the city, the attorneys, the developers, and the bond holders had relied on our past cases in defining the court created exception but a majority felt that we had gone too far with the concept. Still, the majority felt it would be manifestly unfair to restrict the exception without warnings, and so the opinion contained the following caveat:

> After carefully considering our previous decisions, it appears there has been a gradual expansion of the concept of revenue producing bonds, which require no popular approval, as was authorized for instance in *Snodgrass* v. *Pocahontas,* 189 Ark. 819, 75 S.W.2d 223 (1934). However, a change should not be made retroactively, after public agencies and investors have relied on our decisions; but in other instances we have given *notice that an interpretation of the Constitution may or* will be changed. *Clubb* v. *State,* 230 Ark. 688, 326 S.W.2d 816 (1959); *Hare* v. *General Contract Purchase Corp.,* 220 Ark. 601, 249 S.W.2d 973 (1952). Accordingly, we give notice of our intention to prospectively reconsider our cases at the next opportunity after the present opinion becomes final.

*Purvis* v. *Hubbell, Mayor,* 273 Ark. at 339, 620 S.W.2d at 287.

In the case at bar, the City of Fayetteville does not propose to repay the bonds from revenues generated by improvements, but proposes to repay them out of a local

sales and use tax. Consequently, the bonds are outside the court created constitutional exception for revenue bonds. The requirements of the constitution are mandatory, and therefore, since the bonds do not fulfill those requirements, they are invalid.

Reversed.

HUBBELL, C.J., not participating.

HICKMAN and PURTLE, JJ., concur.

HAYS, J., dissents.

DARRELL HICKMAN, Justice, concurring. I concur because the bonds are not in compliance with the constitution. An election cannot cure constitutional defects. I will, of course, not deviate from my view expressed in *Purvis* v. *City of Little Rock,* 282 Ark. 102, 667 S.W.2d 936 (1984).

JOHN I. PURTLE, Justice, concurring. A municipality does not lend its credit to a bond issue which is payable solely from the revenues generated by the project. There is no constitutional provision allowing or prohibiting the issuance of such bonds. In *Purvis* v. *City of Little Rock,* 282 Ark. 102, 667 S.W.2d 936 (1984) we stated: "[M]unicipalities may issue pure revenue bonds for purely essential public purposes without holding an election. Such bonds are not prohibited by the Constitution and were expressly provided for by the General Assembly." The bonds in the present care are not pure revenue bonds and do not fit within the framework of Amendment 49 or any other constitutional provision allowing such bonds to be issued.

STEELE HAYS, Justice, dissenting. I find no basis in the record for the assertion in the majority opinion that the tax revenues will be "the principal source of repayment" of the bonds. The record tells us only that the sales and use tax revenues and the revenues generated by the wastewater facility will pay the bonds, we are told nothing of their relative size.

Although the majority opinion notes in passing that this entire project (included the bonds and accompanying sales and use tax) was adopted by the Fayetteville City Council and overwhelmingly approved by the voters of that city (4,885 to 435), the opinion then proceeds to ignore that signal fact altogether.

The majority opinion states with emphasis that we have unfailingly held that our Constitution (Article 16, § 1, Amendment 13) must be complied with if the bonded indebtedness for the municipal improvement would place any burden on the taxpayer, but not if the bonded indebtedness is to be repaid solely by revenues from the improvement. *Boswell* v. *City of Russellville*, 223 Ark. 30, 620 S.W.2d 282 (1981); *Hogue* v. *The Housing Authority of North Little Rock*, 201 Ark. 263, 144 S.W.2d 49 (1940); *Snodgrass* v. *Pocahontas*, 189 Ark. 819, 75 S.W.2d 223 (1934); *Jernigan* v. *Harris*, 187 Ark. 705, 62 S.W.2d 5 (1933); *McCutchen* v. *Siloam Springs*, 185 Ark. 846, 49 S.W.2d 1037 (1932). I have no quarrel with that statement of the law, so far as it goes, but it ignores an important element: our constitutional restraints against burdening the taxpayer with bonded indebtedness apply where the burden is imposed by others, *not where the taxpayer voluntarily assumes that burden by the elective process.*

The majority opinion cites cases wherein this court has approved the use of revenues generated by one facility to pay for a different facility [*Johnson* v. *Dermott*, 189 Ark. 830, 75 S.W.2d 243 (1934) and *City of Harrison* v. *Braswell*, 209 Ark. 1094, 194 S.W.2d 12 (1946), and where we even approved using the general fund of a city to finance an airport if the revenues produced by the airport proved insufficient to pay for the bonds. *Parker* v. *City of Little Rock*, 241 Ark. 381, 407 S.W.2d 921 (1966)].

At that point, and with neither discussion nor citation, the opinion abruptly concludes that residents of Fayetteville cannot impose a one cent sales and use tax upon themselves to help finance a desperately needed wastewater treatment plant, even though the public purpose is beyond question and the project has been approved in all respects by an

election. Thus, we are *denying* the right of the City of Fayetteville to do by an election what we have *permitted* the City of Little Rock to do without an election, (see *Purvis* v. *Hubbell,* 273 Ark. 330, 620 S.W.2d 282 (1981) [Purvis I] and *Parker* v. *City of Little Rock, supra*), even though our only criticism of the procedure in *Purvis* was the absence of an election.

The troubling fact is our recent cases affecting revenue bonds are impossible to reconcile. *Every objection* to bond issues of this kind since this court began the closer scrutiny suggested by our decision in *Purvis I* relates either to the lack of an approving election, or a public purpose, *neither of which is at issue here*[1]. Justice Dudley's concurring opinion in *Purvis* v. *City of Little Rock,* 282 Ark. 102, 667 S.W.2d 536 (1984), *[Purvis II]* was based on his perceived weakness of the public purpose of the LaQuinta Motel, an understandable concern. Had that issue been otherwise, he would have approved the bonds. (See *Purvis* v. *City of Little Rock,* Dudley, J., concurring, supra at 119). Justice Hickman's dissenting opinion in *Purvis I* and his concurring opinion in *Purvis II* state repeatedly (thirteen times by count in *Purvis II*) that his *one objection* to the bonds is the absence of an election. Chief Justice Adkisson, Justice Hollingsworth, and I would have approved the bonds in *Purvis II* notwithstanding the want of an election, because the bonds were payable *only* from the revenues generated by the motel. So on what basis are we now invalidating bonds overwhelmingly approved by an election of those who alone will pay them? I confess I have no answer and, unfortunately for the litigants and the public, neither does the majority.

---

[1] I am not overlooking the statement by Justice Purtle in *Purvis* v. *City of Little Rock,* 282 Ark. 102, 667 S.W.2d 936 (1984), that the bonds must not have a greater interest rate than six percent and shall not be issued for a longer period than twenty years, but the concurring opinion of Justice Dudley points out that our cases are to the contrary and that a majority of this court disagrees with that position. That assertion has not been challenged. (See *Purvis* v. *City of Little Rock,* Dudley, J., concurring, p. 119).